## Rushbrook Coal Company, Appellant, v. Jenkins.

*Equity—Equity pleading—Responsive answer—Secret profits—Fraud—Corporations—Evidence.*

On a bill in equity by a corporation against its president to compel the latter to account for secret profits which he had made in the sale of real estate belonging to the complainant, an answer is responsive to the bill which denies the negotiations with the purchaser of the real estate as alleged in the bill, denies explicitly and unequivocally the receipt of any secret profits, and alleges that certain securities referred to in the bill were acquired by the defendant in a course of dealings with the purchaser, entirely disconnected with the property or affairs of the complainant.

Where an answer is responsive to a bill, its effect as evidence is not wholly overcome by the fact that there are some contradictions not of a serious character between the defendant's testimony and his answer.

Argued Feb. 20, 1906. Appeal, No. 330, Jan. T., 1905, by plaintiff, from decree of C. P. Lackawanna Co., May T., 1903, No. 5, dismissing bill in equity in case of Rushbrook Coal Company v. John S. Jenkins. Before MITCHELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for a discovery and for an account.

EDWARDS, P. J., filed the following opinion :

It is necessary to state briefly the nature of the plaintiff's contention as set forth in the bill of complaint filed in this case.

The plaintiff, an incorporated company, was the owner in part and lessee in part of about 600 acres of coal land, situate in Lackawanna county, on which there was a mining operation. After operating the mines for some years the company sold its property in May, 1892, to J. N. Rice, who, in turn, transferred the same property, in the same month, to the Blue Ridge Coal Company. Before, and pending, and for some time subsequent to the negotiations resulting in the sale of the property, the defendant, John S. Jenkins, was president, superintendent and a director of the plaintiff company. Jenkins, as an official of the company, is charged with having secretly received from the said J. N. Rice for his own use and without the knowledge of the

other directors, certain property, consisting of shares of stock
in various corporations and some real estate claimed to be worth
altogether about $20,000, in consideration of the sale or lease
of the company's property to the said Rice, and that the other
directors of the company were not aware of Jenkins's deceitful
conduct until about three years ago, when it was disclosed at
the trial before a referee, of the case of Jenkins v. Rushbrook
Coal Company.

The plaintiff claims that, owing to the fraud practiced by
Jenkins, he ought to be compelled to transfer to the plaintiff
the property not yet converted by him to his own use and to
pay to the plaintiff the value of the property already converted,
and that he should not be allowed to collect his judgment
against .the plaintiff until an accounting is had as prayed for
in the bill.

The foregoing is a correct, though brief, statement of the
plaintiff's cause of complaint.

The plaintiff, because of the weakness of the evidence pre-
sented to sustain the averments of the bill, seeks to avoid the
inevitable consequences by attacking the character of the an-
swer.   It is claimed that the answer is not responsive to the
bill, and, therefore, that the plaintiff is not bound to prove the
material averments of the bill by the testimony of two witnesses
or of one witness supported by corroborating circumstances.
On account of this particular contention on the part of the
plaintiff, it becomes necessary to examine the answer before
proceeding to consider the evidence or to find the facts.   After
a careful examination of the answer we are of the opinion that
it is fully responsive to the plaintiff's bill.   It is to be borne
in mind that the whole substance of plaintiff's contention is to
be found in the third paragraph of the bill.   How does the
answer meet this paragraph ?   Is it fully responsive ?   Is the
averment of the paragraph met explicitly and fairly ?   Let us
examine the answer, quoting a part of it.   After admitting
some facts the answer proceeds as follows :

"Further answering the third paragraph of the plaintiff's
bill, this defendant explicitly and unequivocally denies the al-
legations therein as to his negotiations with Dr. J. N. Rice.
These assertions and allegations are untrue in toto."

Again : " This defendant did not receive from the said J. N.

Rice at that time any property or other thing of value in connection with the said negotiations, or with reference thereto, or for any other purpose. At the time of the negotiations and at the solicitations of the said Rice, this defendant agreed to take a one-fifth interest in the proposed corporation, and which was afterwards known as the Blue Ridge Coal Company. In other words, he agreed to become interested as a stockholder in the proposed lease of the property of the Rushbrook Coal Company, agreeing to pay for the stock in full, and in cash."

After explaining how the defendant acquired the property mentioned in the third paragraph, the answer proceeds thus:

" The property referred to in the third paragraph of the plaintiff's bill, therefore, was acquired by this defendant in the course of dealings with the said Rice entirely disconnected from, and disassociated with the lease of the Rushbrook Coal Company, and had nothing whatever to do with that company, or any of its affairs, or any of its negotiations through its directors, or through this defendant as an officer or director thereof, with the said Rice, in connection with the lease of the Rushbrook property referred to in said paragraph. Whether the other directors of the Rushbrook company knew of these dealings is entirely immaterial, as they had no interest or right therein, or in the matters therein involved."

We have no hesitation in concluding that the answer is responsive to the bill.

Another indirect attack is made on the answer based upon the character of the defendant's testimony. It is claimed that his testimony is at variance with the averments of his answer and that the variance is such as, to destroy the responsive quality of the answer: Spencer and Newbold's Appeal, 80 Pa. 317, is cited as authority. In that case Justice MERCUR says: " We may concede the correctness of the remark made by Chancellor Green, in Brown v. Buckley, 1 McCarter, 294, as to the general effect of the answer; yet here Newbold, the witness, substantially impeached and overthrew the answer of Newbold, the party. . . . When a party is permitted to testify, and does testify in conflict with his answer, it will not do to hold that his testimony shall be disregarded and his answer stand wholly unimpeached. Precisely how far the rule should

be modified, now that a party may be a witness in his own behalf, it is not necessary at present to indicate."

We find also in the opinion in Savings Fund v. Lewis, 190 Pa. 558, the following utterance: " His (the defendant's) testimony was in a measure contradictory of his answer; not sufficiently so, perhaps, to overcome its effect as evidence, but enough to weaken its force." While we concede that there are some contradictions in the defendant's testimony, due to a great extent to the fact that the matters testified to occurred over twelve years ago and that the defendant kept no books, relying on his memory, which was not very clear, and on pocket diaries and loose memoranda, some of which were hard to decipher; nevertheless, the contradictions are not so serious, nor is the variance between his testimony and his answer of such a nature as to either weaken the force of the answer or to destroy its responsive quality.

We, therefore, hold that both contentions of the plaintiff, viz.: (1) that the answer is not responsive to the bill, and (2) that the defendant's testimony has weakened or destroyed the force of the answer, are not sustained, and, therefore, further, that the plaintiff is bound to prove his case by such evidence as is required in a court of equity.

The court found numerous findings of fact and conclusions of law in favor of the defendant, and dismissed the bill.

*Error assigned* among others was in dismissing the bill.

*Samuel B. Price* and *A. Ricketts,* with them *H. C. Reynolds,* for appellant.

*H. M. Hannah* and *Everett Warren,* for appellee.

PER CURIAM, March 19, 1906:
Decree affirmed on the opinion of the court below.