## Limitations on Escheat

WALTER E. ALESSANDRONI, Attorney General, December 18, 1963.—We are in receipt of your request for an interpretation of Act No. 130, approved July 10, 1963, which provides as follows:

"No action for escheat, or for payment into the State Treasury without escheat, shall be commenced or maintained unless such action has been, or is commenced, within fifteen years after the property sought in such action shall first have escheated, become escheatable or payable into the State Treasury without escheat under any act of the General Assembly."

Initially, it should be stated that the word "action" as used in this act applies to judicial proceedings by which the Commonwealth seeks to enforce its rights of escheat in a court of law.

## Period Covered by the Statute

The right of a state to take by escheat property, the owner of which is unknown or whose whereabouts unknown, is a time-honored prerogative of sovereignty both at common law and by statutory enactment. Proper statutory interpretation presumes that the legislature does not intend to deprive the Commonwealth of any right or property unless it expresses its intention to do so in explicit terms or makes such inference irresistible.

The act clearly indicates a definite legislative intent to divest the Commonwealth of a portion of its sovereign prerogative in regard to escheatable property. It bars the Commonwealth from instituting legal proceedings to take monies or property which have been escheatable or subject to being taken without escheat for 15 years or more. As noted above, the act applies only to judicial actions. It does not prevent the Commonwealth from taking escheatable property when it is voluntarily paid over by a custodian more than 15 years after it has escheated or become subject to being taken without escheat.

The act provides that the 15-year period prescribed therein does not commence until . . . "the property . . . shall first have escheated, become escheatable or payable into the State Treasury without escheat" . . . This manifests a clear intent that the period of repose commences only *after* property has become escheatable or payable into the State Treasury without escheat under any law of the Commonwealth, i.e., after it has been unclaimed, or its owner unknown, for the period of time specified in the applicable statute. The 15 years must be "tacked on" to that period before the bar of the statute is effective. Once an action has been commenced within the 15-year period, there is no time limit with regard to the time consumed in the prosecution of the Commonwealth's claim to final judgment.

*Effect on Pending Litigation*

The statute makes no specific reference to pending litigation. If the sole purpose of the legislature was to bar future claims, this object could have been accomplished by providing that no action should be "commenced" within the statutory period. However, legislative intent in this regard is disclosed in the use of the phrase "commenced *or maintained*". The word "maintained" must be given significance, otherwise its use by the legislature would be superfluous and meaningless. The use of the term "maintained" must, therefore, be construed to manifest an intention to have the law applied retroactively and bar that part of any action which includes a claim for monies which became escheatable or payable into the State Treasury more than 15 years prior to the date of the institution of such action. Accordingly, actions for escheat or payment into the State Treasury without escheat may be maintained only insofar as they apply to funds which became escheatable no more than fifteen years prior to the commencement of such action, i.e., the filing of a petition. Thus, an action commenced in 1963 may reach back only to funds which became escheatable in 1948, and any judgment rendered therein must exclude any item that may have been claimed for any period of time prior thereto.

*Application of Statute Where Required Reports*
*Are Not Filed*

You have asked whether the act will bar an action for escheat or for payment into the State Treasury without escheat in situations where (1) A holder of property never filed a report required by law when, in fact, it had escheatable items in its possession; or (2) a holder filed an erroneous report concerning escheatable items in its possession; or (3) a holder filed a report of escheatable items more than 15 years after property became escheatable.

Under the various provisions of the escheat law positive reporting duties are imposed upon parties holding escheatable property. The Act of June 7, 1915, P. L. 878, sec. 4, 27 PS §262, requires verification by affidavit of reports of escheatable property required to be given to the auditor general. The Acts of May 16, 1919, P. L. 169, sec. 6, 27 PS §361, and of June 25, 1937, P. L. 2063, sec. 11, 27 PS §444, provide that the improper reporting of escheatable property is a misdemeanor punishable by fine and/or imprisonment. The failure to report escheatable funds in their correct amounts results in significant sanctions against the party charged with a duty to report.

To conclude that this act bars actions where escheatable funds were not property reported to the Commonwealth would, in effect, reward one for his own misdemeanor—an absurd result. Since the legislature is presumed never to intend such a result, a contrary conclusion must be reached: Commonwealth v. Peoples, 345 Pa. 576 (1942).

The courts have held that when one ought to speak but remains silent, or when he fails to disclose what he ought to disclose, his inaction amounts to fraudulent concealment: Rushbrook Coal Company v. Jenkins, 6 Lack. Jur. 322, affirmed 214 Pa. 517 (1906). Similarly, the failure of corporate officers to record certain transactions on corporate books is fraudulent concealment: Rush v. Butler Fair & Agricultural Association, 391 Pa. 181 (1958). If a party does anything to conceal the accrual of the Commonwealth's right of action and thus to mislead it, whether fraudulently or as a result of an innocent mistake, the period of limitations will not commence to run until the Commonwealth discovers the facts or until the circumstances are such that by the exercise of ordinary prudence it reasonably could have discovered them: Barr v. Luckenbill, 351 Pa. 508 (1945); Plazak v. Alle-

gheny Steel Company, 324 Pa. 422 (1936) ; Tellip v. Home Life Insurance Company of America, 152 Pa. Superior Ct. 147 (1943). Since holders of escheatable property have a positive duty to report all such property, failure to so report is tantamount to affirmative concealment, and the period of limitations will not begin to run until a report is made or the Commonwealth is or should be put on notice that certain funds have become escheatable or payable into the State Treasury without escheat.

It is, therefore, our opinion, and you are accordingly advised, that (1) Act No. 130 of 1963 applies only to judicial proceedings; (2) the 15 year repose period provided therein begins to run at the time that the property became escheatable or payable into the State Treasury without escheat; (3) no pending action shall be maintained with respect to any claim made therein for property which became escheatable or payable into the State Treasury without escheat more than 15 years prior to the commencement thereof; and (4) the period of repose provided for by the statute does not bar an action for escheat or for payment into the State Treasury without escheat in those cases where the reporting requirements of any statute were not strictly complied with, as a consequence whereof the Commonwealth did not receive notice within the time specified in the law.