399 A.2d 397

**COMMONWEALTH of Pennsylvania**

v.

**Isadore H. BELLIS, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 17, 1979.

Decided March 16, 1979.

Reargument Denied April 16, 1979.

Wolf, Block, Schorr & Solis-Cohen, Raymond J. Bradley, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., Stephen S. Seeling, Asst. Dist. Atty., for appellee.

488

Before EAGEN, C. J., and ROBERTS, MANDERINO and LARSEN, JJ.

## OPINION

LARSEN, Justice:

Appellant was convicted in Municipal Court of Philadelphia of eight counts of bribery, eight counts of malfeasance, misfeasance and nonfeasance in office and one count of violating the Election Code and acquitted of six counts of malfeasance, misfeasance, and nonfeasance in office [hereinafter referred to as malfeasance].[1]  Appellant appealed his convictions to the Court of Common Pleas of Philadelphia and after a trial de novo, appellant was convicted of the same crimes.  Appellant's convictions were affirmed by the Superior Court in *Commonwealth v. Bellis,* 252 Pa.Super. 15, 380 A.2d 1258 (1977) and we granted appellant's petition for an allowance of appeal to this Court.

The bribery convictions were predicated on appellant's violation of Section 4667 of the 1939 Penal Code, Act of June 24, 1939, P.L. 872, § 667, 18 P.S. § 4667 which provided:

Whoever offers or gives to any agent, employe, or servant of another, or to a member of his family, or to anyone for his use or benefit, directly or indirectly, any commission, money, property, or other valuable thing, without the knowledge and consent of the principal, employer, or master, as an inducement, bribe or reward for doing or omitting to do any act, or for showing or forbearing to show any favor or disfavor, by such agent, employe, or servant, in relation to the affairs or business of his principal, employer or master, or whoever being an *agent, employe, or servant, solicits, accepts, receives or takes,* directly or indirectly, any commission, *money,* property, or

1.  The six counts of malfeasance of which appellant was acquitted in Municipal Court were based on allegations that he violated Section 20–602(1) of the Philadelphia Code of General Ordinances which provides in pertinent part that "[n]o member of the Council nor other City officer or employee shall assist another person by representing him as his agent or attorney, whether or not for compensation, in any transaction involving the City. . . . "

other valuable thing as an *inducement, bribe or reward* for doing or omitting to do any act, or for *showing any favor or disfavor in relation to the affairs or business of his principal, employer, or master,* is guilty of a misdemeanor, and on conviction thereof, shall be sentenced to pay a fine not exceeding five hundred dollars ($500), or undergo imprisonment for a period not exceeding one (1) year, or both.

Nothing contained in this section shall apply to transactions between a principal, employer, or master and his agent, employe, or servant, nor to that practice which is commonly known as 'tipping.'

Evidence shall not be admissible in any prosecution under this section to show that a gift or acceptance of any commission, money, property or other valuable thing, is customary in any business, trade or calling, nor shall the customary nature of such transactions be any defense in any such proceeding or prosecution. [Emphasis added].[2]

The bribery convictions were based on evidence that while appellant was a Philadelphia city councilman, he "solicit[ed], accept[ed], receiv[ed] or [took]" various sums of money from private parties as an "inducement, bribe or reward" for representing them before officials of various city departments and for securing the approval of these city departments of projects involving said private parties. Specifically, while appellant was a city councilman,

1) Appellant received a total of $12,000 (in two installments) from ARA, Inc. for obtaining from the City of Philadelphia an extension of Aero News, Inc.'s (one of ARA's subsidiaries) right to run various concessions at Philadelphia International Airport;

2) Appellant received $10,000 from ARA for obtaining the Philadelphia Industrial Development Corporation's (a city agency) approval of the sale of land, owned by the PIDC, to ARA;

**2.** This statute was repealed effective June 6, 1973. Current version at 18 Pa.C.S.A. § 4108.

3) Appellant received a total of $20,000 (in four installments) from Ground Services, Inc. (GSI) for securing from the City of Philadelphia additional counterspace at the airport and an extension of its lease of various facilities at the airport; and

4) Appellant and GSI agreed that the latter would pay $20,000 to appellant in return for obtaining space (from the City of Philadelphia) at the airport for a GSI project.

It is undisputed that appellant's representations of the aforementioned private parties did not affect the performance of his official duties as a city councilman and that he did not take any action in City Council on behalf of the private parties.

Appellant's first contention is that he is not guilty of violating Section 4667, the aforementioned bribery statute, on the grounds that the statute pertains only to commercial bribery (i. e., bribery taking place wholly in the private sector) and not governmental bribery. This contention is without merit. There is no language in Section 4667 limiting its applicability to the private sector. This is not the first time that Section 4667 has been applied to governmental bribery; it was applied to the Deputy Commissioner of the Philadelphia Department of Public Property in *Commonwealth v. Francis,* 201 Pa.Super. 313, 191 A.2d 884 (1963), allocatur refused, *cert. denied* 375 U.S. 985, 84 S.Ct. 517, 11 L.Ed.2d 472 (1964) and to the executive director of a committee responsible for the planning and the constructing of a sports stadium in Philadelphia in *Commonwealth v. Blatstein,* 231 Pa.Super. 306, 332 A.2d 510 (1974).

Appellant argues that the legislature specifically dealt with governmental bribery in Section 4303 of The 1939 Penal Code ["Bribery of Governmental officers and employes; judges, jurors, etc."] and therefore, it is "inconceivable" that the legislature intended to deal with governmental bribery again in Section 4667. Section 4303 provides:

Whoever shall directly or indirectly, or by means of and through any artful and dishonest device whatever, give or

make any promise, contract or agreement, for the payment, delivery, or alienation of any money, goods or other thing, in order to obtain or influence the vote, opinion, verdict, award, judgment, decree, or behavior of any member of the General Assembly, or any officer or employe of this Commonwealth, or of any political subdivision thereof, or any judge, juror, justice, referee or arbitrator, in any bill, action, suit, complaint, indictment, controversy, matter or thing whatsoever, *depending or which shall depend before him* or them, is guilty of bribery, a misdemeanor, and on conviction thereof, shall be sentenced to pay a fine not exceeding five hundred dollars ($500), or to undergo imprisonment by separate or solitary confinement at labor not exceeding one (1) year, or both.

The member of assembly, *or officer, or employe of the Commonwealth or of any political subdivision thereof,* or any judge, juror, justice, referee, or arbitrator, *who shall accept or receive, or agree to accept or receive such bribe, is guilty of receiving a bribe,* a felony, and on conviction thereof, shall be sentenced to pay a fine not exceeding one thousand dollars ($1,000), or to undergo imprisonment by separate or solitary confinement at labor not exceeding five (5) years, or both. Act of June 24, 1939, P.L. 872, § 303, *as amended,* 18 P.S. § 4303.[3] [Emphasis added]

Section 4303 deals with a limited form of governmental bribery, namely where an officer or employee "accept[s], or receive[s], or agree[s] to accept or receive" a bribe for the purpose of influencing a matter that is *within the scope of his official duties* (a matter *"depending or which shall depend before him . . . "*). By contrast, Section 4667 does not require that the bribe influence or intend to influence a matter that is within the "agent, employe, or servant['s]" official duties. Section 4667 requires only that "an agent, employe, or servant . . . [solicit, accept, receive or take] . . . money . . . as an inducement, bribe or reward . . . for showing any favor or disfavor

3. This statute was repealed effective June 6, 1973. Current version at 18 Pa.C.S.A. § 4701.

*in relation to the affairs or business of his principal, employer, or master. . . .*" There is no indication in either Sections 4667 or 4303 that the legislature intended that Section 4303, a statute which is only applicable to a limited form of governmental bribery, be the sole governmental bribery statute: the existence of Section 4303 did not foreclose the application of Section 4667 to governmental bribery.[4]

■ Appellant's second contention is that he is not guilty of violating Section 4667 on the grounds that even if the statute is applicable to governmental bribery, it is inapplicable to the instant case since appellant, as a city councilman, was not an "agent, employe, or servant" of the City of Philadelphia. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (1971) defines "agent" as "one that acts for or in the place of another by authority from him . . as . . . a representative, emissary or official of a government" and "servant" as "a government official considered as the servant of his sovereign or of the public". Thus, appellant, as a city councilman, was an agent of the City of Philadelphia and a servant of the people of that city and therefore, was subject to the provisions of Section 4667.

■ Appellant's third contention is that he is not guilty of violating Section 4667 on the grounds that his representation of private parties before city departments did not interfere with his official duties as a city councilman. This argument fails since it is irrelevant to Section 4667 that appellant's representation of the private parties did not affect the performance of his official duties as a city councilman.

**4.** Appellant also argues that the legislature specifically dealt with governmental bribery in Section 553 ("Acceptance of bribes by councilmen") of the General Municipal Law, Act of May 23, 1874, P.L. 230, § 8, 53 P.S. § 553 and therefore, the legislature did not intend to deal with governmental bribery again in Section 4667 of The 1939 Penal Code. Section 553 of the General Municipal Law is applicable to only a limited form of governmental bribery, namely where the councilman's vote or official acts are influenced. There is no indication in Section 553 that it was intended to be the sole governmental bribery statute.

The purpose of Section 4667 is to require an "agent, employe or servant" to possess an undivided loyalty to his principal. It is impossible for an agent to retain this loyalty as long as he solicits and/or receives money from third parties in return for acting on their behalf (i. e., "showing . . . favor or disfavor") in his principal's affairs. By representing private parties before city officials while he was a councilman, appellant showed "favor or disfavor" in the affairs of his principal (the City of Philadelphia) in that he negotiated on behalf of and in the best interests of private parties in their dealings with the city. Hence, appellant violated Section 4667.

▆ Appellant's fourth contention is that he is not guilty of malfeasance on the grounds that his aforementioned misconduct could only be punished under Section 4667 (the bribery statute) and not under the common law. We agree with this contention. Section 5104 of The 1939 Penal Code provided:

> In all cases where a remedy is provided or duty enjoined, or any thing directed to be done by the penal provisions of any act of assembly, the direction of said act shall be strictly pursued; *and no penalty shall be inflicted, or anything done agreeably to the provisions of the common law in such cases, further than shall be necessary for carrying such act into effect.* Act of June 24, 1939, P.L. 872, § 1104, 18 P.S. § 5104.[5] (Emphasis added).

This Court applied Section 5104 in *Commonwealth v. Peoples,* 345 Pa. 576, 28 A.2d 792 (1942) wherein a city councilman violated a statutory duty to refrain from voting on a measure in which he had a financial interest and therefore, was statutorily subject to removal from office pursuant to a quo warranto proceeding. This Court held that pursuant to Section 5104, the existence of a statutory penalty for the defendant's misconduct barred an indictment based on this misconduct for the common law offense of misfeasance in office.

5. This statute was repealed effective June 6, 1973. Current version at 18 Pa.C.S.A. § 105.

A situation analogous to *Peoples* exists in the instant case. A statutory penalty (Section 4667) exists for appellant's misconduct; therefore, pursuant to Section 5104, appellant cannot be punished for this misconduct based on a violation of the common law (malfeasance). Appellant's malfeasance convictions must be dismissed.

Judgments of sentence as to bribery and the Election Code violation are affirmed;[6] judgments of sentence as to malfeasance, misfeasance, and nonfeasance in office are reversed.

O'BRIEN and NIX, JJ., did not participate in the consideration or decision of this case.

MANDERINO, J., concurred in the result.

ROBERTS, J., filed a dissenting opinion.

ROBERTS, Justice, dissenting.

Until today, it was axiomatic in this Commonwealth that, under Section 1104 of the Penal Code, where a common law offense includes elements not found in or not included in a legislatively defined offense, there is no bar to prosecution under both the common law and statutory crime. Today, the plurality abrogates, rather than adheres to this established principle. The plurality concludes that it is enough to bar prosecution of the common law offenses of malfeasance, misfeasance, and nonfeasance in office that appellant, a Philadelphia city councilman, was convicted of multiple counts of bribery under Section 667 of the Penal Code. The plurality reaches this result even though the common law

---

**6.** In addition to the four contentions discussed in this opinion, appellant raised four other issues which are without merit and do not warrant discussion: 1) That his Election Code conviction should be dismissed on the grounds that the special investigating grand jury (which recommended that appellant be indicted for bribery, malfeasance and the Election Code violation) exceeded its scope of inquiry in recommending that appellant be indicted for violating the Election Code; 2) that the trial court erred in its instruction on the Election Code violation; 3) that the trial court erred in its instructions on bribery; and 4) that the trial court erred in its response to a question that was asked by the jurors during their deliberations.

crimes charged include an element not found in or included in the elements of statutory bribery. Today's disregard of established jurisprudence compels dissent.

Appellant was convicted in the Municipal Court of Philadelphia of eight counts of bribery, eight counts of malfeasance, misfeasance, and nonfeasance in office, and one count of violating the Election Code. The Commonwealth's evidence included proof that on numerous occasions appellant solicited and received cash from private parties to assure that appellant would promote the parties' interests before various City committees and departments. The Court of Common Pleas of Philadelphia, on trial de novo, again found appellant guilty on all counts, and the Superior Court upheld the convictions without dissent.

In *Commonwealth v. Ackerman,* 176 Pa.Super. 80, 106 A.2d 886 (1954), the Superior Court held it was no bar to prosecution for common law misfeasance in office that the same conduct fell within penal provisions of the Motor Vehicle Code. Crucial to *Ackerman* was the determination that common law misfeasance includes an additional element not found or included in the statutory sanction. Here, as in *Ackerman,* there is an additional element in the offenses of malfeasance, misfeasance, and nonfeasance in office not within the purview of bribery under Section 667 of the Penal Code. As the Superior Court here correctly observed:

"[t]he Commonwealth proved that appellant, a public official, violated § 667 in his capacity as a public official. Since these charges of malfeasance contained an additional element, i. e., that appellant was a public official, they were by definition broader than the statutory offense, and therefore separately indictable and punishable."

252 Pa.Super. 15, 24–25, 380 A.2d 1258, 1262 (1977).

The plurality fails even to recognize the rationale of the Superior Court. Instead, the plurality purports to find support for its result in *Commonwealth v. Peoples,* 345 Pa. 576, 28 A.2d 792 (1942). *Peoples,* however, on any reading, is inapposite. There, the defendants, members of a city council and a municipal authority, allegedly failed to refrain

from voting upon salary increases for members of a municipal authority, and the Commonwealth brought a prosecution for common law misfeasance in office. Nothing in *Peoples* suggested, as the plurality states today, that the mere fact that statutory and common law offenses are implicated by particular facts bars common law prosecution, and *Peoples* in no respect makes incompatible prosecution at common law and under statute here. This Court in *Peoples* merely agreed with the defendant that the Third Class City Code proscribed failure to refrain from voting, this statutory sanction was fully subsumed by the common law offense, and prosecution at common law was precluded.

I would affirm judgment of sentence, as did the Superior Court.