440 A.2d 1179

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Isadore H. BELLIS, Appellee.**

Supreme Court of Pennsylvania.

Argued Oct. 19, 1981.

Decided Dec. 23, 1981.

Reargument Denied Feb. 24, 1982.

324

Eric B. Henson, Deputy Dist. Atty., Bernard Siegel, Philadelphia, for appellant.

John Rogers Carroll, Philadelphia, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, KAUFFMAN and WILKINSON, JJ.

OPINION

KAUFFMAN, Justice.

■ This is an appeal by the Commonwealth from a Superior Court order reversing convictions of appellee, Isadore H. Bellis, for the common law crimes of misfeasance, malfeasance and nonfeasance in office (hereinafter collectively referred to as "common law crimes"). At issue is whether Section 1104 of the Penal Code precludes prosecution of an accused for both a statutory offense and a common law offense when the misconduct charged could factually support a conviction for both, but the elements of the offenses are different.[1] We conclude that a common law prosecution is not barred simply because the facts alleged would also support conviction of a statutory crime which includes elements not found in the common law offense.

Appellee originally was tried in the Municipal Court of Philadelphia and convicted of the common law crimes, but acquitted of charges of conspiracy and extortion. After a trial *de novo* before the Court of Common Pleas of Philadelphia, a jury convicted appellee of two counts of the common law crimes. Post verdict motions were denied, and appellee was sentenced to a prison term of two to seven years, fined $9,000, and ordered to pay the costs of prosecution. The Superior Court thereafter reversed the judgment of sentence and ordered appellee discharged. *Commonwealth v. Bellis*, 279 Pa.Super.Ct. 421, 421 A.2d 271 (1980). We granted allocatur and now reverse.[2]

1.  Section 1104 provided at the time of appellee's trial:
    In all cases where a remedy is provided or duty enjoined, or any thing directed to be done by the penal provisions of any act of assembly, the direction of said act shall be strictly pursued; and no penalty shall be inflicted, or anything done agreeably to the provisions of the common law in such cases, further than shall be necessary for carrying such act into effect.
    Act of June 24, 1939, P.L. 872, § 1104, 18 P.S. § 5104. This statute was repealed effective June 6, 1973, and the current version is codified at 18 Pa.C.S.A. § 105.

2.  Jurisdiction is vested in this Court pursuant to the Judicial Code, Act of July 9, 1976, P.L. 586, No. 142, § 2, *as amended*, 42 Pa.C.S.A. § 724.

At the time of the offenses charged, appellee was an elected member of the City Council of Philadelphia and was its majority leader. In May, 1971, appellee invited an architect, who was interested in obtaining a design contract for construction of a terminal at Philadelphia International Airport, to lunch at a Philadelphia dining club.[3] Also invited by appellee to the same lunch was Joseph Daley, an assistant to the treasurer of the Democratic City Committee. During the lunch meeting, at a time when appellee had temporarily left the table, Daley and the architect discussed the airport contract and Daley told him that it was "customary for architects to give 5% of their fees to the Democratic City Committee." The architect immediately agreed to do so.

In June of 1971, the architect received an interim design contract from the City involving a fee of $5,000. Shortly thereafter, appellee called him and requested a payment of $4,000 in cash. The architect complied the very next day by handing appellee an envelope containing $4,000 in cash. Several months after this payment the architect received the final airport contract with the City for an additional fee of $175,000, and on July 26, 1972 appellee requested an additional $5,000 "contribution." The following day, the architect gave appellee an envelope containing $5,000 in cash.[4] The records of the Democratic City Committee do not reflect receipt of any sums in these amounts from the architect or from appellee, and the architect never received any acknowledgement of the payments. At a 1975 meeting, however, appellee informed the architect that the $9,000 had been "spread around the Party."

In Municipal Court, appellee was charged with extortion under Section 318 of the now-repealed Penal Code of 1939, which provided:

3. The City capital improvements budget, which included construction work at Philadelphia International Airport, was subject to the approval of City Council.

4. The two cash payments, totalling $9,000, amounted to 5% of the $180,000 design contract fee.

Whoever, being a public officer, wilfully and fraudulently receives or takes any reward or fee to execute and do his duty and office, except such as is or shall be allowed by some act of Assembly, or receives or takes, by color of his office, any fee or reward whatever, not, or more than is, allowed by law, is guilty of extortion, a misdemeanor, and on conviction, shall be sentenced to pay a fine not exceeding five hundred dollars ($500), or to undergo imprisonment not exceeding one (1) year, or both.

18 P.S. § 4318.[5] On the basis of Section 1101 of the Penal Code, which preserved all common law offenses not provided for by statute, appellee also was charged with the common law crimes.[6] After trial, he was acquitted of extortion, but convicted of the common law crimes.

■ Misfeasance, malfeasance and nonfeasance in office are similar, closely-related offenses, and the terms are often used interchangeably.[7] These common law crimes involve "either the breach of a positive statutory duty or the performance by a public official of a discretionary act with an improper or corrupt motive." *Commonwealth v. Peoples*, 345 Pa. 576, 579, 28 A.2d 792, 794 (1942); *McNair's Petition*, 324 Pa. 48, 55, 187 A. 498, 501 (1936); *Commonwealth v. Dolny*, 235 Pa.Super.Ct. 241, 247–48, 342 A.2d 399, 403 (1975).

■ Appellee contends that Section 1104 of the Penal Code precludes prosecution for both the statutory crime of

5. Act of June 24, 1939, P.L. 872, §§ 101 *et seq.*, 18 P.S. §§ 4101 *et seq.* The Penal Code was repealed as of June 6, 1973 and replaced by the current Crimes Code. Act of December 6, 1972, P.L. 1462, No. 334, § 1. The Crimes Code is codified at 18 Pa.C.S.A. §§ 101 *et seq.* The current version of the extortion section is codified at 18 Pa.C.S.A. § 4702.

6. Section 1101 provided:
   Every offense now punishable either by the statute or common law of this Commonwealth and not specifically provided for by this act, shall continue to be an offense punishable as heretofore. 18 P.S. § 5101. Common law crimes are abolished under the Crimes Code. 18 Pa.C.S.A. § 107(b).

7. *See Commonwealth v. Dolny*, 235 Pa.Super.Ct. 241, 248, 342 A.2d 399, 402–03 (1975).

extortion and the common law crimes. We disagree. In reversing appellee's convictions under Section 1104, the Superior Court majority relied on our plurality opinion in *Commonwealth v. Bellis*, 484 Pa. 486, 399 A.2d 397 (1979) ("*Bellis I*"). In *Bellis I* appellee's conviction of the statutory offense of bribery was affirmed, but his convictions for common law crimes were vacated because a "statutory penalty . . . exist[ed] for appellant's misconduct; therefore, pursuant to Section [1104], appellant [could not] be punished for this misconduct based on a violation of the common law. . . ." 484 Pa. at 494, 399 A.2d at 400.

■ Although appellee was *acquitted* of the statutory crime charged in the case now before us, the Superior Court majority found that the jury *could have* convicted him of extortion and concluded that *Bellis I* therefore barred his conviction for the common law crimes. The plurality opinion in *Bellis I*, however, stands only for the proposition that when the evidence establishes nothing more than the breach of a penal statute, the accused may not also be convicted of a common law offense which proscribes the same conduct.[8] If, on the other hand, the elements of the statutory offense and the common law offense are different, the accused may, upon sufficient evidence, be convicted of either or both offenses. *See Bellis I*, 484 Pa. at 494, 399 A.2d at 400; *Commonwealth v. Dolny*, 235 Pa.Super.Ct. at 249, 342 A.2d at 403; *Commonwealth v. Bellis*, 279 Pa.Super.Ct. at 434–435 n.8, 421 A.2d at 278 n.8 (Spaeth, J., concurring).

Statutory extortion under Section 318 and the common law offenses charged in this case included separate and distinct elements. The former extortion statute proscribed the wilful and fraudulent receipt by a public officer of any reward or fee not allowed by law. 18 P.S. § 4318; *Commonwealth v. Froelich*, 458 Pa. 104, 109, 326 A.2d 364, 366 (1974). The common law crimes, on the other hand, ad-

8. Unlike *Bellis I*, where proof of the common law crime also proved the statutory crime, appellee here was *acquitted* of the statutory crime because the facts *failed* to prove him guilty beyond a reasonable doubt.

dressed a public official's violation of a statutory duty or the performance by a public official of a discretionary act with a corrupt or improper motive. *See Commonwealth v. Peoples*, 345 Pa. at 579, 28 A.2d at 794; *McNair's Petition*, 324 Pa. at 55, 187 A. at 501; *Commonwealth v. Dolny*, 235 Pa.Super.Ct. at 248, 342 A.2d at 403 (police chief who failed to prosecute a known gambler after receiving pay-offs guilty of misfeasance in office); *Commonwealth v. Steinberg*, 240 Pa.Super.Ct. 139, 362 A.2d 379 (1976) (official who used his position to obtain work for his brother's newly formed company guilty of misbehavior in office).

The conviction of appellee for the common law crimes was supported by the evidence and was not inconsistent with acquittal of the extortion charges.[9] The Municipal Court judge reasonably could have concluded that appellee, with an improper and corrupt motive, misused his powerful official position to create the impression that he could and would influence the award of the design contracts, while also finding that appellee's fraudulent and wilful receipt of an illegal reward or a fee not allowed by law had not been proved beyond a reasonable doubt. *See Commonwealth v. Dolny*, 235 Pa.Super.Ct. at 249–250, 342 A.2d at 403.[10]

**9.** The test of sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the Commonwealth and drawing the proper inferences favorable to the Commonwealth, the trier of fact could reasonably have found that all of the elements of the crime had been established beyond a reasonable doubt. *Commonwealth v. Yost*, 478 Pa. 327, 332, 386 A.2d 956, 958–959 (1978); *Commonwealth v. Rose*, 463 Pa. 264, 267–268, 344 A.2d 824, 825–826 (1975); *Commonwealth v. Robson*, 461 Pa. 615, 625, 337 A.2d 573, 578 (1975).

**10.** The instant record contained evidence which, if believed, would have been sufficient to support the conclusion that appellee was guilty of both the statutory and the common law crimes. Nothing in *Commonwealth v. Peoples*, 345 Pa. 576, 28 A.2d 792 (1942), suggested that if the evidence had been sufficient to support convictions of both statutory and common law offenses *containing distinct elements*, the common law prosecutions would have been barred. Where an accused is charged with separate crimes containing distinct elements, the proof of all the elements of one crime does not necessarily constitute proof of the other. Likewise, *failure* to prove all the elements of one crime does not necessarily preclude convic-

■ In the trial *de novo* before the Court of Common Pleas, the Commonwealth proceeded only on the common law crimes, *see Commonwealth v. Nelson*, 230 Pa.Super.Ct. 89, 326 A.2d 598 (1974), and the jury arrived at the same conclusion as the Municipal Court: appellee was guilty. We conclude that the evidence was more than adequate for the jury to find beyond any reasonable doubt that appellee improperly, corruptly and deliberately misused his powerful official position to orchestrate a kickback scheme in connection with the award of city contracts.[11]

■ Accordingly, we vacate the Order of the Superior Court and remand for disposition of all issues raised in that Court but not yet decided.[12]

tion of the other. *See Commonwealth v. Dolny*, 235 Pa.Super.Ct. at 250, 342 A.2d at 403.

11. We do not find persuasive appellee's claim that his common law prosecution is barred under Section 1104 because of the existence of a provision in the Philadelphia Home Rule Charter which forbids conflicts of interest. Section 10–100 of the Charter provides:
    Councilmen Not to Engage in Certain Activities; Penalties.
    As provided by statute, no councilman shall solicit, benefit by or be interested directly or indirectly in any contract for the purchase of property of any kind to be paid for from the City Treasury, *nor shall he be interested directly or indirectly in any contract for the erection of any structure, or for the supplying of any services to be paid for out of the City Treasury*....
    Philadelphia Home Rule Charter § 10–100 (Emphasis added). Like the extortion statute, this provision addresses misconduct separate and distinct from the common law crimes, and therefore does not bar prosecution for those crimes. *See Commonwealth v. Dolny*, 235 Pa.Super.Ct. at 250, 342 A.2d at 403.

12. Although not addressed by the majority of the Superior Court, one final issue remains for our review. Citing the concurring opinion of Judge Spaeth in the Superior Court, appellee draws a distinction between misconduct *in* office and misconduct *while* in office. He contends that his conviction cannot be sustained because he "did nothing in office" which would constitute misconduct. We conclude, however, that the evidence sufficiently establishes that he used his powerful official position in an improper and corrupt way. Appellee's entire kickback scheme was made possible solely because he held the office of majority leader of City Council and because he misused the power and status of that position. He deliberately created the circumstances under which he or his political party could benefit from a pay-off on a City contract. This reprehensible conduct is sufficient to satisfy a conviction for the common law crimes.

332

O'BRIEN, C. J., and WILKINSON, J., dissent on the basis of Judge SPAETH's concurring opinion in the court below.

NIX, J., did not participate in the decision of this case.

*See Commonwealth v. Steinberg,* 240 Pa.Super.Ct. 139, 162, 362 A.2d 379, 391 ("improper and corrupt utilization" of office is criminal).