634 A.2d 821

**Isadore H. BELLIS, Appellant,**

**v.**

**BOARD OF PENSIONS AND RETIREMENT.**

Commonwealth Court of Pennsylvania.

Argued Oct. 7, 1993.

Decided Dec. 1, 1993.

Leonard Sarner, for appellant.

E. Jane Hix, Asst. City Sol., for appellee.

Before CRAIG, President Judge, and SMITH, J., and KELTON, Senior Judge.

KELTON, Senior Judge.

Isadore H. Bellis (Bellis), an elected member and majority leader of the Philadelphia City Council from 1964 to 1976, appeals to this Court from the January 12, 1993 order of the Court of Common Pleas of Philadelphia County (trial court) affirming the adjudication of the Board of Pensions and Retirement (Board) terminating Bellis' city pension benefits effective March 17, 1983. We affirm.

## Background

In the Municipal Court of Philadelphia, Bellis was convicted of eight counts of bribery, eight counts of malfeasance, misfeasance and nonfeasance in office and one count of violating the Election Code. In part, these convictions resulted from Bellis obtaining from the City an extension of an ARA, Inc. subsidiary's right to run various concessions at the Philadelphia Airport and city agency Philadelphia Industrial Corporation's approval of a sale of land to ARA, Inc. Additionally, with regard to Ground Services, Inc. (GSI), Bellis successfully obtained the City's approval of additional counter space at the airport and an extension of GSI's lease at various airport facilities.

Bellis appealed these convictions to the trial court and after a trial de novo, he was convicted of the same crimes. The Pennsylvania Superior Court affirmed his convictions in *Commonwealth v. Bellis*, 252 Pa.Superior Ct. 15, 380 A.2d 1258 (1977), *aff'd in part, rev'd in part*, 484 Pa. 486, 399 A.2d 397 (1979).

In *Commonwealth v. Bellis*, 484 Pa. 486, 399 A.2d 397 (1979), the Supreme Court affirmed the judgments of sentence as to the statutory offenses of bribery and violation of the Election Code, but reversed the judgments of sentence as to the common law offenses of malfeasance, misfeasance and nonfeasance in office. The Supreme Court reasoned that, because a statutory penalty exists for Bellis' misconduct (Section 4667 of the 1939 Penal Code),[1] he cannot be punished for

1. Act of June 24, 1939, P.L. 872, § 667, 18 P.S. § 4667.

this misconduct based on a violation of the common law (malfeasance).[2]

On February 20, 1992, the Board denied Bellis' application for reinstatement of his pension benefits, which had been terminated effective March 17, 1983 due to violations of Section 217.1 of the Philadelphia Retirement System Ordinance (Ordinance), *as amended*, April 27, 1967–Bill No. 2318. The Board concluded that the conduct for which Bellis was found guilty resulted in a pension forfeiture under Sections 217.-1(a)(2), (3) and (5) of the Ordinance. Specifically, the Board entered the following findings of fact (none of which are disputed in this appeal):

4. The bribery convictions were based on evidence that while Appellant [Bellis] was a Philadelphia City Councilman, he 'solicit[ed], accept[ed], receiv[ed] or [took]' various sums of money from private parties as an 'inducement, bribe or reward' for representing them before officials of various City departments and for securing the approval of these City departments of projects involving said private parties.

5. The first specific allegation was that Appellant received a total of $12,000 (in two installments) from ARA, Inc. for obtaining from the City of Philadelphia an extension of Aero News, Inc.'s (one of ARA's subsidiaries) right to run various concessions at Philadelphia Airport.

6. The second specific allegation was that Appellant received $10,000 from ARA for obtaining the Philadelphia Industrial Development Corporation's (a City agency) approval of the sale of land, owned by the PIDC to ARA.

7. The third specific allegation was that Appellant received a total of $10,000 (in four installments) from Ground Services, Inc. (GSI) for securing from the City of Philadelphia additional counter space at the airport and an extension of its lease of various facilities at the airport.

8. The fourth specific allegation was that Appellant and GSI agreed that the latter would pay $20,000 to Appellant in

2. The General Assembly abolished common law crimes in Section 107(b) of the Crimes Code, 18 Pa.C.S. § 107(b), effective June 6, 1973.

return for obtaining space (from the City of Philadelphia) at the airport for a GSI project.

(R.R. 85a–86a.)

The trial court affirmed the Board and stated that Bellis "becomes disqualified for a City pension upon accepting payments to influence the City's dealings with private citizens" and "showing favor or disfavor in City business." Trial Court Opinion at 5.

The issue before us is whether, as a matter of law, Bellis' bribery convictions constitute disqualifying events under Section 217.1 of the Ordinance, thus precluding Bellis from receiving his city pension benefits. We must affirm the Board's adjudication unless we find that it is in violation of Bellis' constitutional rights, is not in accordance with the law, or if any essential finding of fact made by the Board is not supported by substantial evidence. 2 Pa.C.S. § 754(b).

In pertinent part, Section 217.1 of the Ordinance provides as follows:

217.1 Notwithstanding any other provision of this Article, no employee nor any beneficiary designated by or for any employee shall be entitled to receive any retirement or other benefit or payment of any kind except a return of contribution paid into the Retirement System, without interest, if such employee

(a) pleads or is finally found guilty or pleads no defense, in any court, to *any of the following:*

. . . .

(2) Acceptance of a bribe for the performance or for the non-performance of his official duties, or the offering or giving of a bribe to any other City employee or employee of the Commonwealth of Pennsylvania or the United States for the performance or affecting the performance or for the non-performance of his official duties;

(3) Engaging in graft or corruption incident to or in connection with his office or employment constituting a

violation of the law of the Commonwealth of Pennsylvania or the United States;

. . . .

(5) Malfeasance in his office or employment. . . .

Section 217.1(a)(2), (3) and (5) of the Ordinance. (Emphasis added).

Because we agree that Section 217.1 of the Ordinance (in two of the three subsections quoted above) includes the type of behavior for which Bellis was convicted, we affirm the Board's denial of Bellis' application to reinstate his pension benefits.

### Section 217.1(a)(2) of the Ordinance

Bellis argues that Section 217.1 applies only to convictions involving the performance of one's official duties or some action in connection with those duties. The Supreme Court commented as follows regarding the relationship between Bellis' crimes and his position as city councilman:

> It is undisputed that [Bellis'] representations of the afore-mentioned private parties [ARA, Inc. and GSI] did not affect the performance of his official duties as a city council-man and that he did not take any action in City Council on behalf of the private parties.

*Bellis,* 484 Pa. at 490, 399 A.2d at 398.

Bellis was not convicted of voting in council matters in favor of certain parties or particular contracts. That clearly would have constituted activities within the purview of his official duties. Thus, we agree that if his conduct involved only a violation of subsection (a)(2), Bellis would not be precluded from receiving his city pension benefits under the Ordinance. That subsection is limited to actions involving the performance or nonperformance of his *official duties* as a member of council or any of its committees. The conduct for which Bellis was convicted, however, does fall under subsections (3) and (5) of Section 217.1 of the Ordinance.

## Section 217.1(a)(3) of the Ordinance

■ Section 217.1(a)(3) of the Ordinance requires only that one have "[e]ngag[ed] in graft or corruption incident to or *in connection with his office or employment* constituting a violation of the law of the Commonwealth of Pennsylvania or the United States." As the Supreme Court noted, Bellis' bribery convictions were predicated on his violation of Section 4667 of the 1939 Penal Code, 18 P.S. § 4667, which provides in relevant part as follows:

> [W]hoever being an agent, employe, or servant, solicits, accepts, receives or takes, directly or indirectly, any commission, money, property, or other valuable thing as an inducement, bribe or reward for doing or omitting to do any act, or for *showing any favor or disfavor in relation to the affairs or business of his principal,* employer, or master, is guilty of a misdemeanor, and on conviction thereof, shall be sentenced to pay a fine not exceeding five hundred dollars ($500), or undergo imprisonment for a period not exceeding one (1) year, or both.

18 P.S. § 4667 (emphasis added).

Further, the Supreme Court stated as follows regarding the activities which led to Bellis' convictions under that section:

> The bribery convictions were based on evidence that *while [Bellis] was a Philadelphia city councilman,* he 'solicit[ed], accept[ed], receiv[ed] or [took]' various sums of money from private parties as an 'inducement, bribe or reward' for representing them before officials of various city departments and for securing the approval of these city departments of projects involving said private parties.

*Bellis,* 484 Pa. at 489, 399 A.2d at 398 (emphasis added).

In addition, the Supreme Court stated as follows:

> By representing private parties before city officials *while he was a councilman,* [Bellis] showed 'favor or disfavor' in the affairs of his principal (the City of Philadelphia) in that he negotiated on behalf of and in the best interests of

private parties *in their dealings with the City.* Hence, [Bellis] violated Section 4667 [of the Penal Code].

*Id.* at 498, 399 A.2d at 400 (emphasis added).

Bellis was convicted of representing private parties before city officials while he was a councilman [3] and in the process, showing favor or disfavor in connection with the affairs of his principal, the City. We therefore conclude that, even though the Supreme Court stated that Bellis' representation of ARA, Inc. and GSI "did not affect the performance of his official duties as a city councilman," [4] that statement does not preclude the inclusion of Bellis' activities under Section 217.1(a)(3) of the Ordinance.

In *Osser v. City of Philadelphia,* 94 Pa.Commonwealth Ct. 116, 503 A.2d 466 (1986) (pensioner's motion for judgment on the pleadings dismissed), we held that a former city commissioner convicted of mail fraud may be ineligible to receive pension benefits under Section 217.1(a)(3). We also set forth pertinent definitions of corruption:

'Corruption' is defined in the dictionary as 'inducement (as of a political official) by means of improper consideration (as bribery) to commit a violation of duty.' Webster's Third New International Dictionary 512 (1966). 'Corruption' is an act of an official who wrongfully acts contrary to his duty and to the rights of others. *United States ex rel. Montgomery v. Ragen,* 86 F.Supp. 382 (N.D.Ill.1949).... We have no difficulty concluding that Appellant's actions fall within the definition of corruption; moreover, the acts were committed in conjunction with his office and he has been convicted of violating the laws of the United States

. . . .

*Osser,* 94 Pa.Commonwealth Ct. at 122–23, 503 A.2d at 469.

Accordingly, we hold that Bellis' showing of favor or disfavor in the affairs of his principal, the City of Philadelphia,

**3.** "Unquestionably, the clear intent of the City Council in enacting Section 217 was to disqualify those employees who commit crimes while in the City's employ from receiving retirement benefits." *Horsley v. Board of Retirement,* 519 Pa. 264, 271, 546 A.2d 1115, 1118 (1988).

**4.** *Bellis,* 484 Pa. at 490, 399 A.2d at 398.

constituted graft or corruption in connection with his office or employment as a city councilman under Section 217.1(a)(3) of the Ordinance.

### Section 217.1(a)(5) of the Ordinance

■ Additionally, the Board found that Bellis was disqualified from receiving his pension under Section 217.1(a)(5) of the Ordinance, which encompasses malfeasance, misfeasance or nonfeasance in office. Bellis argues that subsection (5) of the Ordinance should not bar his pension because, in his criminal appeal, the Supreme Court found as follows:

> A statutory penalty (Section 4667) exists for [Bellis'] misconduct; therefore, pursuant to Section 5104, [Bellis] cannot be punished for this misconduct based on a violation of the common law (malfeasance). [Bellis'] malfeasance convictions must be dismissed.

*Bellis*, 484 Pa. at 494, 399 A.2d at 400.

Bellis also argues that under both *Mazzo v. Board of Pensions and Retirement of the City of Philadelphia*, 531 Pa. 78, 611 A.2d 193 (1992) and the Public Employee Pension Forfeiture Act (PEPFA)[5], conviction of the offense charged is a condition precedent to a pension forfeiture under subsection (5) and that where, as here, a criminal information is finally dismissed, PEPFA preempts the penalty under the city ordinance and mandates reinstatement of the pension.

■ We agree that the *Mazzo* court held that, if a particular criminal conviction is finally dismissed, a forfeiture may not be based thereon. We do not agree, however, with Bellis' argument that there was no conviction here.

The Supreme Court did not find that Bellis was not guilty of malfeasance. It simply concluded that, because *common law* malfeasance is *subsumed* into the bribery statute, a forfeiture based upon the common law crime could not stand. However, as noted in *Osser*, where we found that a federal mail fraud conviction may form the basis for finding a violation of the "corruption" provision of Section 217, subsections (3) and the

5. Act of July 8, 1978, P.L. 752, *as amended*, 43 P.S. §§ 1311–1315.

"malfeasance" provision of subsection (5), it is the underlying illegal act and not the particular crime which forms the basis for a forfeiture. There it was mail fraud; here, it is bribery.

Malfeasance in office "is not merely error in judgment or departure from sound discretion, but the act, omission or neglect must be wilful, corrupt and amount to a breach of duty legally required by one who has accepted public office." *Commonwealth v. McSorley*, 189 Pa.Superior Ct. 223, 227–228, 150 A.2d 570, 572 (1959). Further, in *Commonwealth v. Bellis*, 324 Pa.Superior Ct. 506, 472 A.2d 194 (1984), the Superior Court held as follows:

> The common law offense of misfeasance, malfeasance, and nonfeasance in office, which may be compendiously referred to as misbehavior or misdemeanor in office, occur when there is 'either the breach of a positive statutory duty or the performance by a public official of a discretionary act with an improper or corrupt motive.'

*Id.* at 517, 472 A.2d at 200 (emphasis deleted; citation omitted).

Accordingly, we conclude that bribery under Section 4667 of the 1939 Penal Code fits the description of malfeasance under subsection (5) of the Ordinance.

For the above reasons, we affirm the Board's adjudication denying Bellis' application for reinstatement of his city pension benefits.

## ORDER

AND NOW, this 1st day of December, 1993, the order of the Court of Common Pleas of Philadelphia County is hereby affirmed.