# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Frank Tepper,                        :
                    Appellant       :
                                     :
             v.                      :    No. 845 C.D. 2016
                                     :    Submitted: February 9, 2017
City of Philadelphia Board of        :
Pensions and Retirement              :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE JOSEPH M. COSGROVE, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION BY
JUDGE COHN JUBELIRER                      FILED: June 2, 2017

Frank Tepper appeals from the May 12, 2016 Order of the Court of Common Pleas of Philadelphia County (common pleas) denying his appeal and affirming the February 26, 2015 Decision of the City of Philadelphia Board of Pensions and Retirement (Board). In its Decision, the Board permanently disqualified Tepper from pension eligibility pursuant to Section 22-1302(1)(a)(.5) of the City of Philadelphia Public Employees Retirement Code (Retirement Code).[1] Tepper was a police officer from October 25, 1993, until his discharge effective January 30, 2010, for disciplinary reasons. On appeal, Tepper argues that common pleas erred: (1) because first degree murder, the crime of which he was convicted,

---

[1] Section 22-1302(1)(a)(.5) of the Retirement Code provides that an employee shall not be entitled to retirement or other benefits or payments, except a return of the contribution paid, if he or she "pleads or is finally found guilty . . . of . . . [m]alfeasance in office or employment." Phila. Pub. Employees Ret. Code, § 22-1302(1)(a)(.5).

did not occur during the course of, nor was it related to, his employment with the City of Philadelphia (City); and (2) by applying res judicata and collateral estoppel to the issue of whether he acted "in [his] office or employment" under Section 22-1302(1)(a)(.5) based on a civil federal jury's verdict that Tepper was a state actor who had acted "under color of state law" under 42 U.S.C. § 1983 (Section 1983) when he committed the crime. Tepper contends that, because the City argued strenuously during the federal civil rights case that Tepper was *not* acting within his City employment, it cannot now argue that he was. Because the federal jury's finding that Tepper acted "under color of state law" is conclusive on the issue of whether he acted "in [his] office or employment," and, therefore, the Board's application of collateral estoppel was not in error, we affirm.

The facts are as follows. Tepper was hired as a police officer by the City's Police Department on October 25, 1993. (Common pleas' op. (Op.), Aug. 5, 2016, at 1, S.R.R. at 12b.) On November 21, 2009, Tepper shot and killed his neighbor, William "Billy" Panas, Jr. (Panas), with his personal weapon following a neighborhood dispute in front of his home. (Id.); Panas v. City of Phila., 871 F. Supp. 2d 370, 372 (E.D. Pa. 2012). Tepper was off duty and had been drinking at the time of the shooting. Tepper was fired from the police department effective January 30, 2010, for conduct unbecoming an officer, disobedience of orders, and neglect of duty in connection with the shooting. (Statements of Charges Filed and Action Taken, Board Reproduced Record (B.R.R.) at 193-97.) On March 23, 2012, Tepper applied for Optional Early Retirement Benefits from the City. (Op. at 1, S.R.R. at 12b; Pension Documents, B.R.R. at 3.)

These facts formed the basis for three judicial proceedings: (1) a criminal trial in Philadelphia common pleas court for murder; (2) a federal civil action by

2

Panas's family for damages for his murder; and (3) the instant action by Tepper for reinstatement of his pension. At the criminal trial, a unanimous jury convicted Tepper of Murder of the First Degree, pursuant to Section 2502(a) of the Crimes Code, 18 Pa. C.S. § 2502(a), as amended,[2] and related charges.[3] (Op. at 1, S.R.R. at 12b; Trial Disposition and Dismissal Form, B.R.R. at 9.) Tepper was sentenced to confinement in a state correctional institution for life without the chance of parole on April 4, 2012, and was ordered to pay restitution in the amount of $12,686.00. (Common pleas Order, Apr. 4, 2012, S.R.R. at 35b.)

The civil rights action filed by Panas's family in the United States District Court for the Eastern District of Pennsylvania (District Court) against the City and Tepper, asserted federal constitutional claims pursuant to Section 1983[4] and state

---

[2] Section 2502(a) of the Crimes Code defines Murder of the First Degree as "[a] criminal homicide . . . when it is committed by an intentional killing." 18 Pa. C.S. § 2502(a). The punishment for a conviction of first degree murder is death or life imprisonment. See Section 9711(a)(1) of the Sentencing Code, 42 Pa. C.S. § 9711(a)(1), as amended.

[3] Tepper was also found guilty of Possession of an Instrument of Crime with intent to employ it criminally under Section 907(a) of the Crimes Code, 18 Pa. C.S. § 907(a), as amended, and Recklessly Endangering Another Person under Section 2705 of the Crimes Code, 18 Pa. C.S. § 2705. (Trial Disposition and Dismissal Form, B.R.R. at 9.)

[4] Section 1983 of the United States Code provides for civil actions for deprivation of rights, as follows:

> Every person who, *under color of any statute, ordinance, regulation, custom, or usage, of any State* or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the

**(Footnote continued on next page…)**

3

law tort claims, and sought compensation for the loss of their son. In order "[t]o state a claim under [Section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person *acting under color of state law*." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted) (emphasis added). The City moved for summary judgment, arguing that Tepper was off-duty at the time of the murder and was not a state actor.[5] The District Court denied the motion in part as to the Section 1983 claims, and the case went to trial. Panas, 871 F.Supp. 2d at 371-72.

At the trial's conclusion, on the issue of Tepper's individual liability, the jury found, by a preponderance of the evidence, that: *Tepper was a state actor* at the time that he murdered Panas; Tepper violated Panas's Fourth Amendment rights; and Tepper's conduct was the factual cause of Panas's death. (Jury Verdict Slip, S.R.R. at 83b.) Judgment was entered against Tepper *who did not appeal* the federal jury verdict. (Dist. Ct. Order, filed Dec. 13, 2012, S.R.R. at 86b.) Tepper did file a Motion for a New Trial, which the District Court denied. (B.R.R. at 73-76.)

With this background, we reach the instant action regarding Tepper's pension eligibility. Tepper had applied for his retirement benefits after his

---

**(continued…)**

District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983 (emphasis added).

[5] The City also argued that it was immune from the plaintiff's state law claims pursuant to the act commonly known as the Political Subdivision Tort Claims Act, 42 Pa. C.S. §§ 8541-8542. (B.R.R. at 146-47.) The District Court granted the City's motion in part on these claims. Panas, 871 F.Supp.2d at 371-72.

conviction for first degree murder. At the Board's regular meeting on March 27, 2014, it voted to permanently disqualify Tepper from pension eligibility pursuant to Section 22-1302(1)(a)(.5) of the Retirement Code, and it notified Tepper via letter the next day. (Board Case Summary, Mar. 27, 2014, B.R.R. at 77; Board Letter to Tepper, Mar. 28, 2014, B.R.R. at 78.) Tepper timely requested a hearing before the Board, which was held on December 17, 2014. (Op. at 2, S.R.R. at 13b.) Tepper did not appear at the hearing, but counsel appeared on his behalf.

At the hearing, Tepper argued that there were two reasons the City was bound by its prior position that Tepper was not acting in his office or employment. First, the Philadelphia Police Department had made this determination when reviewing his conduct. (Hr'g Tr., Dec. 17, 2014, at 7-8, 30-31, B.R.R. at 95-96, 118-19.) Second, the City consistently asserted in the federal Section 1983 action that Tepper was not a state actor when he murdered Panas. (Id. at 5-9, B.R.R. at 93-97.) Tepper argued that the City could not afterwards take the opposite position. Tepper also argued that murder is not a separately enumerated offense, and the issue of whether he was disqualified for committing "[m]alfeasance *in office or employment*" under Section 22-1302 of the Retirement Code requires an examination of his criminal conviction, which is a distinct and different area of law than civil liability under Section 1983. (Id. at 14, 27, B.R.R. 102, 115.) Tepper argued that there is no evidence that he was acting in his job as a police officer when he committed the murder and, for support, cited DiLacqua v. City of Philadelphia Board of Pensions and Retirement, 83 A.3d 302, 310 (Pa. Cmwlth. 2014) (conviction for mail fraud committed as volunteer charter school board member did not disqualify police officer from receiving pension).

In contrast, the City argued that the jury's verdict in the federal Section 1983 action was a factual determination that Tepper had acted in his official capacity when he killed Panas, and thus, issue preclusion applied. Therefore, according to the City, the City and the Board were bound by this determination which established that Tepper was "in office or employment" at the time of the murder. Both the City and Tepper filed legal memoranda with the Board, attaching several exhibits, including transcripts from the criminal trial, Tepper's criminal conviction, depositions from the civil proceeding, the civil jury instruction, and the civil jury slip.

The Board denied Tepper's appeal at its regular meeting held on February 26, 2015, and notified Tepper of its Decision via letter the next day. (Board Letter Re: Appeal of Pension Disqualification, B.R.R. at 449.) Tepper timely filed a statutory appeal of the Board's Decision in common pleas, and the Board thereafter submitted its Findings of Fact and Conclusions of Law to common pleas. The Board determined that, under the doctrine of collateral estoppel, it was bound by the jury verdict finding that Tepper was a state actor under Section 1983 when he committed murder, which satisfied Section 22-1302's requirement that the offense be committed "in office or employment." (Board Conclusions of Law (COL) ¶¶ 4-6, 11.) The Board also concluded that murder committed by a police officer as a state actor met the standard for "malfeasance in office or employment" pursuant to Section 22-1302(1)(a)(.5) of the Retirement Code. (COL ¶¶ 12-15.) The Board found that the City was not bound by its prior position under the doctrine of judicial estoppel because a party cannot assume a position inconsistent with his or her assertion in a previous action, *if that contention was successfully maintained*. However, because the City's prior position was not successfully maintained, the

6

Board concluded that it was Tepper who was estopped from asserting he did not act in office.  (COL ¶¶ 17-19.)

On appeal to common pleas, both Tepper and the Board submitted briefs reiterating their prior arguments, and oral argument was held on April 28, 2016. (Tepper's Br., R.R. at 9-19 (relying on DiLacqua); Board's Br., R.R. at 20-32; see also Op. at 6, S.R.R. at 17b.)   After considering the record, briefs, and oral arguments,[6] common pleas denied Tepper's appeal by Order dated May 12, 2016, and affirmed the Board's Decision.  (R.R. at 8.)  Tepper filed a Notice of Appeal with this Court on May 18, 2016, and common pleas ordered Tepper to file a brief statement of errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 1925(b),[7] which he did. (S.R.R. at 9b-10b.)

In its Opinion explaining the reasoning for its Order, common pleas explained that the Board properly applied the doctrine of collateral estoppel, or issue preclusion, to find that Tepper engaged in "malfeasance in office or employment" under Section 22-1302(1)(a)(.5) and that common pleas did not err in finding that Tepper was collaterally estopped from challenging the federal jury's

---

[6] The hearing transcript can be found in the Reproduced Record at pages 2-7.

[7] Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure provides, in pertinent part, as follows:

> **(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.**--If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

Pa. R.A.P. 1925(b).

determination. (Op. at 10-11, S.R.R. at 21b-22b.) Common pleas determined that the issues in the federal action and in this action are identical: "was [Tepper] a state actor when he committed the crime?" (Op. at 10, S.R.R. at 21b (citing West, 487 U.S. at 49 ("acting under color of state law requires that the defendant in a [Section] 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.") (internal quotations omitted)).) Common pleas concluded that the Board properly determined that first degree murder constitutes malfeasance under the Retirement Code, citing Merlino v. Philadelphia Board of Pensions and Retirement, 916 A.2d 1231 (Pa. Cmwlth. 2007) (construing the term "malfeasance" under the Retirement Code), and that Tepper's reliance on DiLacqua was misplaced. (Op. at 11 n.3, 12, S.R.R. at 22b n.3, 23b.)

On appeal,[8] Tepper argues that common pleas erred because the crime of which he was convicted, murder, which is not an enumerated disqualifying offense under the Retirement Code, did not occur during the course of, nor was it related to, his employment with the City. Tepper argues that common pleas erred by applying res judicata and collateral estoppel to preclude him from litigating before the Board whether he acted in his office or employment when he committed the crime based on the federal jury's verdict that Tepper was a state actor who had acted under color of state law under Section 1983.

Section 22-1302(1)(a)(.5) of the Retirement Code provides that an employee shall not be entitled to receive retirement benefits if the employee pleads guilty or

---

[8] "This court's scope of review, where the trial court takes no additional evidence, is limited to determining whether constitutional rights were violated, [whether] an error of law was committed or whether necessary findings of fact were supported by substantial evidence." Martorano v. Phila. Bd. of Pensions and Ret., 940 A.2d 598, 600 n.3 (Pa. Cmwlth. 2008).

is found guilty of one of the enumerated offenses in that section, the relevant offense here being "[m]alfeasance in office or employment." Phila. Pub. Employees Ret. Code, § 22-1302(1)(a)(.5).[9] Thus, for Tepper to be disqualified

---

[9] Section 22-1302(1)(a) of the Retirement Code provides, as follows:

**§ 22-1302. Disqualification.**

(1) Notwithstanding any other provision of this Title, no employee nor any beneficiary designated by or for any employee shall be entitled to receive any retirement or other benefit or payment of any kind except a return of contribution paid into the Retirement System, without interest, if such employee:

(a) pleads or is finally found guilty, or pleads no defense, in any court, to any of the following:

(.1) Perjury committed in connection with the employee's official duties or in any affidavit or proceeding concerning the employee's official duties or conduct;
(.2) Acceptance of a bribe for the performance, or affecting the performance or for the non-performance of the employee's official duties, or the offering or giving of a bribe to any other City employee or employee of the Commonwealth or of the United States for the performance or affecting the performance or for the non-performance of the employee's official duties;
(.3) Engaging in graft or corruption incident to or in connection with the employee's office or employment constituting a violation of the laws of the Commonwealth or the United States;
(.4) Theft, embezzlement, willful misapplication, or other illegal taking of funds or property of the City, or those of any official agency of the City, or agency, engaged in performing any governmental function for the City or the Commonwealth;
(.5) *Malfeasance in office or employment*;
(.6) Any offense designated as a "listed offense" under the Pennsylvania Registration of Sexual Offenders Act (Megan's Law), 42 [Pa. C.S.] § 9795.1 or its statutory equivalent in another jurisdiction, if committed incident to or in connection with the employee's office or employment;
(.7) Engaging in a conspiracy to commit any of the foregoing.

**(Footnote continued on next page…)**

9

from receiving pension benefits, first degree murder must constitute malfeasance and "must be committed in connection with [his] employment or public office." DiLacqua, 83 A.3d at 311.

Although "malfeasance" is not defined in the Retirement Code, it has been defined by case law as "not merely error in judgment or departure from sound discretion, but the act, omission or neglect must be wilful, corrupt and amount to a breach of duty legally required by one who has accepted public office." Bellis v. Bd. of Pensions and Ret., 634 A.2d 821, 825 (Pa. Cmwlth. 1993) (internal quotations omitted) (holding that bribery constitutes malfeasance under the former Retirement Code). "[M]alfeasance occurs when there is 'either the breach of a positive statutory duty or the performance by a public official of a discretionary act with an improper or corrupt motive.'" Merlino, 916 A.2d at 1235 (quoting Bellis, 634 A.2d at 825 (citations omitted)). The focus is on "the underlying illegal act, as opposed to the particular crime, [that] form[s] the basis for a forfeiture . . . ." Id. (citing Bellis, 634 A.2d at 825). We have construed the undefined term "malfeasance" "according to its common and approved usage," that is as a wrongful or unlawful act, especially wrongdoing or misconduct by a public official. Id.; see also Black's Law Dictionary 976 (8th ed. 2004). For example, in Merlino, the Court held that a police officer who had pled guilty to making false statements to a federal agency had committed "a wrongful and unlawful act," which constituted "malfeasance in office or employment," and affirmed the Board's denial of pension benefits. Merlino, 916 A.2d at 1235.

_____

(continued…)
Phila. Pub. Employees Ret. Code, § 22-1302(1)(a) (emphasis added) (footnote omitted).

10

Tepper's argument to this Court is not that first degree murder cannot be considered malfeasance,[10] but that his actions here cannot be considered "malfeasance in office or employment." He contends that he was not on duty or in uniform, did not use police equipment, used his personal weapon, and the murder resulted from a personal altercation between neighbors. Because, throughout the federal civil litigation, the City forcefully made these same contentions in asserting that Tepper was not acting as a police officer when he committed the murder, he argues that the City should not now be able to argue the opposite for its financial benefit. Moreover, the jury verdict in a civil action cannot be used to foreclose this inquiry because, according to Tepper, the standard in Section 22-1302 of the Retirement Code is a criminal standard, not a civil standard. He therefore contends that there can be no preclusive effect under either res judicata or collateral estoppel from the jury verdict.

We initially address whether common pleas correctly affirmed the Board's finding that the jury verdict had a preclusive effect in this case. "The doctrine of res judicata encompasses two related, yet distinct, principles: technical res judicata and collateral estoppel." Maranc v. Workers' Comp. Appeal Bd. (Bienenfeld), 751 A.2d 1196, 1199 (Pa. Cmwlth. 2000). Thus, there can be some confusion by the use of the term "res judicata." However, neither the Board nor common pleas applied technical res judicata because the causes of action are not identical, which is required.[11] Instead, the Board and common pleas applied collateral estoppel,

---

[10] There is no question that first degree murder, which is a "willful, deliberate and premeditated killing," 18 Pa. C.S. § 2502(a), (d), "represent[s] the commission of a wrongful and unlawful act thereby constituting malfeasance . . . in violation of Section 22-1302 of the Retirement Code." Merlino, 916 A.2d at 1235.

[11] Technical res judicata "provides that when a final judgment on the merits exists, a future suit between the parties on the same cause of action is precluded." Maranc, 751 A.2d at **(Footnote continued on next page…)**

11

which "forecloses re-litigation in a later action, of an issue of fact or law which was actually litigated and which was necessary to the original judgment." City of Pittsburgh v. Zoning Bd. of Adjustment, 559 A.2d 896, 901 (Pa. 1989). The doctrine "is designed to prevent relitigation of an issue in a later action, despite the fact that the later action is based on a cause of action different from the one previously litigated." Pucci v. Workers' Comp. Appeal Bd. (Woodville State Hosp.), 707 A.2d 646, 647-48 (Pa. Cmwlth. 1998). The doctrine applies if:

> (1) the issue decided in the prior case is identical to one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the doctrine is asserted was a party or in privity with a party in the prior case and had a full and fair opportunity to litigate the issue[;] and (4) the determination in the prior proceeding was essential to the judgment.

Id. at 648. After careful examination, we agree that collateral estoppel applies here.

The first requirement, that the issue decided in the federal case be identical to the issue presented here in the pension case, is the only requirement Tepper challenges. Tepper argues that the issue here in the pension case, whether he acted "in office or employment" under the Retirement Code when he committed the murder, is not identical to the finding of a federal civil jury that he acted "under color of state law" under Section 1983. There is no dispute that Tepper was

---

**(continued…)**

1199. For technical res judicata (or res judicata) to apply, the prior and the present case must share four elements: "(1) [i]dentity in the thing sued upon or for; (2) [i]dentity of the cause of action; (3) [i]dentity of the persons and parties of the action; and (4) [i]dentity of the quality or capacity of the parties suing or sued." McCandless Twp. v. McCarthy, 300 A.2d 815, 820 (Pa. Cmwlth. 1973).

employed as a police officer for the City at the time of the murder. In the federal case, the jury heard testimony that Tepper was off duty, not in uniform, did not use police equipment, used his personal weapon, the murder resulted from a personal altercation between neighbors, and also that Tepper exited his home, flashed his badge, and identified himself as a police officer. (Jury Instruction, S.R.R. at 58b-62b.) After hearing those facts, the jury found that Tepper acted "under color of state law," in his official capacity as a police officer, under the definitions of that term and the guidelines set forth in the federal jury charge. (Id.)

The United States Supreme Court has stated that acting "under color of state law" requires that a defendant in a Section 1983 action has exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." West, 487 U.S. at 49. "If an individual is possessed of state authority and *purports to act under that authority*, his action is state action." Griffin v. State of Maryland, 378 U.S. 130, 135 (1964) (emphasis added). Furthermore, a person may act under color of state law when he misuses or abuses his position. West, 487 U.S. at 50.

Thus, acting "under color of state law" for purposes of Section 1983 has the same meaning as "in office or employment" under the Retirement Code here, where the jury found that Tepper acted "under color of state law" in his official capacity as a police officer. Tepper argues, nonetheless, that the preponderance of the evidence standard used in the federal civil case to find that he was a state actor is not the proper standard to use in this pension case under the Retirement Code. Because Section 22-1302(1)(a) of the Retirement Code states that an employee that "pleads or is finally found *guilty*, or pleads no defense" forfeits his pension, he

argues that a determination of whether he committed "malfeasance in office or employment" requires a criminal standard to be employed. This is not correct.

First, although malfeasance in office was a common law crime, it along with other common law crimes were abolished in this Commonwealth pursuant to Section 107(b) of the Crimes Code, 18 Pa. C.S. § 107(b), and there is no other equivalent crime under that statute. As previously discussed, "*malfeasance* in office or employment," can include other crimes, such as making false statements to an agency, Merlino, and first degree murder, here. Second, in the criminal trial, the jury found Tepper guilty of first degree murder beyond a reasonable doubt. Were we to agree with Tepper that collateral estoppel did not apply to the issue of whether he committed "malfeasance in office or employment," we would remand to the Board to make that determination. The standard of proof that the Board would use in making that determination would not be "beyond a reasonable doubt," but rather a preponderance of the evidence standard.[12] Therefore, there would be no difference in the standard used by the Board to determine whether the malfeasance occurred in office or employment than the federal jury used in determining whether Tepper acted under color of state law. The federal jury thoroughly considered identical operative facts and determined that Tepper was a state actor. Therefore, because the issues, and the underlying facts, are the same, the first requirement of collateral estoppel has been satisfied.

---

[12] "[A] litigant's burden of proof before administrative tribunals as well as before most civil proceedings is satisfied by establishing a preponderance of evidence which is substantial and legally credible." Samuel J. Lansberry Inc. v. Pa. Pub. Util. Comm'n, 578 A.2d 600, 602 (Pa. Cmwlth. 1990).

14

There is no argument about whether the final prongs of collateral estoppel are met here. The federal action was a final judgment on the merits because Tepper did not appeal the verdict; Tepper, as a defendant, was a party in the prior federal action; Tepper had a full and fair opportunity to litigate whether he was a state actor in the prior federal action; and the determination of whether Tepper was a state actor was essential to the judgment in the federal case because, without a finding of governmental action, there could be no liability in a Section 1983 action. See 42 U.S.C. § 1983; see also Panas, 871 F. Supp. 2d at 377 ("there can be no [Section] 1983 liability unless the wrongdoer acts under color of [state] law").

Because all of the elements of collateral estoppel are met, common pleas did not err in concluding that Tepper is collaterally estopped from challenging the federal jury's finding that he was a state actor under Section 1983 at the time he murdered Panas. Tepper is, therefore, precluded from relitigating whether he was acting in office or employment under the Retirement Code when the murder occurred.[13]

---

[13] We note that DiLacqua, which Tepper relies upon as support for his contention that he was not acting "in office or employment," is distinguishable. In DiLacqua, although a police officer pled guilty to the federal crime of honest services mail fraud, she committed the offense in connection with her volunteer position on a charter school's board of directors, not as a police officer. DiLacqua, 83 A.3d at 311-12. For that reason, the crime was not committed "in office or employment" under the Retirement Code. We also note that the City was not bound by its prior position, that Tepper was not a state actor, under the doctrine of judicial estoppel because its contention regarding Tepper was not successfully maintained in the prior action. Trowbridge v. Scranton Artificial Limb Co., 747 A.2d 862, 864 (Pa. 2000) ("As a general rule, a party to an action is estopped from assuming a position inconsistent with his or her assertion in a previous action, if his or her contention was successfully maintained."). Therefore, Tepper's arguments to the contrary are not persuasive.

15

Accordingly, we affirm the Order of common pleas affirming the Board's Decision to disqualify Tepper from receiving a pension pursuant to Section 22-1302(1)(a)(.5) of the Retirement Code.

_____
**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Frank Tepper,                 :

            Appellant      :

                             :

           v.                :      No. 845 C.D. 2016

                             :

City of Philadelphia Board of      :

Pensions and Retirement        :

## O R D E R

NOW, June 2, 2017, the May 12, 2016 Order of the Court of Common Pleas of Philadelphia County, entered in the above-captioned matter, is hereby **AFFIRMED**.

 

 

                              _____

                              **RENÉE COHN JUBELIRER,** Judge