# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Deborah Dailey, :
:
                      Appellant :
:
                v. : No. 2116 C.D. 2016
: Argued: March 6, 2018
City of Philadelphia Board of :
Pensions and Retirement :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                    HONORABLE P. KEVIN BROBSON, Judge
                    HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                           FILED: November 9, 2018

          Deborah Dailey appeals from the December 20, 2016 order of the Court of Common Pleas of Philadelphia County (trial court), which affirmed the February 25, 2015 decision of the City of Philadelphia (City) Board of Pensions and Retirement (Board) disqualifying her from receiving pension benefits under the City of Philadelphia Public Employees Retirement Code (Retirement Code) based on her felony conviction for theft from her employer, the First Judicial District (FJD). We affirm.

          Dailey began working for the FJD in 1979 as a stenographer in the court of common pleas, and she was most recently employed by the FJD as Chief

Deputy Prothonotary and Clerk of Courts. The Clerk of Courts is the pass-through for the payment of, *inter alia*, court costs, restitution, and fines.[1]

On May 14, 2014, Dailey was discharged for stealing more than $70,000 by using employer-issued credit cards. Dailey made full restitution and pled guilty to theft of movable property by unlawful taking or disposition, a third-degree felony. Section 3921(a) of the Crimes Code, 18 Pa. C.S. §3921(a). She was sentenced to 30 months' probation on February 18, 2015.

Dailey applied for early retirement benefits on June 15, 2015. Her request was administratively granted and she received retirement benefits of $6,500 per month for three months. Subsequently, at its regularly scheduled meeting on September 17, 2015, the Board determined that Dailey's guilty plea rendered her ineligible for benefits under Subsections 22-1302(1)(a)(.4) and (.5) of the Retirement Code, related to theft and malfeasance in office or employment.

In relevant part, Section 22-1302 of the Retirement Code (Disqualification) states:

> (1) *Notwithstanding any other provision of this Title*, no employee nor any beneficiary designated by or for any employee shall be entitled to receive any retirement or other benefit or payment of any kind except a return of contribution paid into the Retirement System, without interest, if such employee:
>
> (a) pleads or is finally found guilty, or pleads no defense, in any court, to any of the following:
>
> \* \* \*

---

[1] Sections 2757 and 9728 of the Judicial Code, 42 Pa. C.S. §§2757 (powers and duties of the office of the clerk of the courts), 9728 (collection of restitution, reparation, fees, costs, fines and penalties).

2

(.4) Theft, embezzlement, willful misapplication, or other illegal taking of funds or property of the City, or those of any official agency of the City, or agency, engaged in performing any governmental function for the City or the Commonwealth;

(.5) Malfeasance in office or employment[.]

Reproduced Record (R.R.) at 9a-10a.[2]

By letter dated October 15, 2015, Dailey presented arguments to the Board seeking a reversal of its decision. Specifically, Dailey argued that: Section 22-1302(1)(a)(.4) does not apply to her because the funds she took did not belong to the City or a City agency; Section 22-1302(1)(a)(.5) does not apply to her because she did not plead guilty to malfeasance in office or employment; disqualifying her from entitlement to her pension benefits violates the excessive fines clauses under the United States and Pennsylvania Constitutions; and, alternatively, Section 22-1302(1)(a)(.5) of the Retirement Code is unconstitutionally vague. R.R. at 100a-114a.

The Board scheduled a hearing on January 13, 2016, to consider Dailey's appeal. R.R. at 118a-46a. Counsel for Dailey indicated that she would not offer testimony and that the issues on appeal were those set forth in her October 15, 2015 letter to the Board. The Board accepted Dailey's stipulation that she was not aware that her guilty plea would impact her pension.

The Board found that the Clerk of Courts stands in a fiduciary relationship to the people of Philadelphia County and "is by law 'an officer of the court.' 42 Pa. C.S. §2757(4)." Board's Finding of Fact No. 4. The Board concluded

---

[2] Section 22-1302 of the Retirement Code "is virtually identical to its predecessor provision, Section 217.1(a) of the Municipal Retirement System Ordinance, Ordinance of December 3, 1956, *as amended*, 1956 Ordinances, at 883, which was in existence at the time Ms. Dailey began working for the FJD." Board's Conclusion of Law, No. 1.

that the provisions of Retirement Code Section 22-1302 are mandatory and establish a condition precedent for pension entitlement, namely, completion of employment without having committed an identified offense. Board's Conclusions of Law, Nos. 2-3. The Board rejected Dailey's argument that Section 22-1302(1)(a)(.4) of the Retirement Code did not apply to her, determining, *inter alia*, that the FJD is an agency that performs a governmental function. Citing *Merlino v. Philadelphia Board of Pensions and Retirement*, 916 A.2d 1231 (Pa. Cmwlth. 2007), and *Bellis v. Philadelphia Board of Pensions and Retirement*, 634 A.2d 821 (Pa. Cmwlth. 1993), the Board explained that Retirement Code Section 22-1302(1)(a)(.5) is applicable here and is not unconstitutionally vague because it is the underlying act, not the particular crime for which a person is convicted, that forms the basis for disqualification under the malfeasance provisions of the Retirement Code. Finally, the Board rejected Dailey's assertion that the pension disqualification violates her due process rights or the prohibition against excessive fines under the Eighth Amendment to the United States Constitution, explaining that, in Pennsylvania, forfeiture of a pension is not a fine imposed for conviction of an offense, but, rather, is a result of a breach of contract between an employee and the Retirement System. *Scarantino v. Public School Employees' Retirement Board*, 68 A.3d 375, 385 (Pa. Cmwlth. 2013). Accordingly, the Board denied Dailey's appeal. On March 24, 2016, Dailey appealed to the trial court, which affirmed the Board's decision.[3]

---

[3] On March 23, 2016, Dailey filed a complaint in United States District Court of the Eastern District of Pennsylvania under 42 U.S.C. §1983 alleging that the City, the Board, and various individuals, violated her constitutional rights under the excessive fines clause, due process clause, and takings clause. The federal court ordered that the action be placed on the court's suspense docket until the state action is resolved.

4

On appeal to this Court,[4] Dailey again argues that Section 22-1302(1)(a)(.5) of the Retirement Code does not apply in this instance because she did not plead guilty to "malfeasance in office or employment." However, we have previously rejected that same argument. *Tepper v. City of Philadelphia Board of Pensions and Retirement*, 163 A.3d 475, 481-82 (Pa. Cmwlth. 2017); *Merlino*.

The appellant in *Merlino* was a former police officer whose request for pension benefits and deferred retirement plan benefits was denied by the Board. The officer had falsely informed federal authorities that a drug dog had alerted on certain boxes. His falsehood led to the dismissal of an indictment and the officer's discharge for conduct unbecoming an officer. The officer pled guilty to violating 18 U.S.C. §1001(a)(2) (making a false statement to a federal agency). The Board concluded, *inter alia*, that the officer's conviction constituted malfeasance in office or employment under Section 22-1302 of the Retirement Code. The trial court affirmed the Board's decision.

On appeal to this Court, the appellant argued that the common law crime of malfeasance in office was abolished under Section 107(b) of the Crimes Code, 18 Pa. C.S. §107(b), and he asserted that if malfeasance was not a crime, he could not be disqualified under Section 22-1302 of the Retirement Code. We disagreed, explaining that because "malfeasance" is not defined by the Retirement Code, the term must be construed according to its common and approved usage. *Merlino*, 916 A.2d at 1235 (citing Section 1903 of the Statutory Construction Act of 1972, 1 Pa. C.S. §1903; *Bellis*, 634 A.2d at 825 (bribery conviction is malfeasance

---

[4] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Tepper v. City of Philadelphia Board of Pensions and Retirement*, 163 A.3d 475, 481 n.8 (Pa. Cmwlth. 2017).

under the Philadelphia retirement ordinance); and Black's Law Dictionary 976 (8th ed. 2004) (defining malfeasance as wrongful or unlawful act, especially wrongdoing or misconduct by a public official)).

In *Tepper*, an off-duty police officer who murdered a neighbor with his personal weapon was disqualified from pension eligibility under the Retirement Code based on malfeasance in office. The officer challenged a finding that he acted in his official capacity as a police officer, as found by a jury in a prior federal proceeding. We held that the officer was collaterally estopped from challenging the jury's determination. Affirming the trial court's decision, we also explained:

> Although "malfeasance" is not defined in the Retirement Code, it has been defined by case law as "not merely error in judgment or departure from sound discretion, but the act, omission or neglect must be wilful, corrupt and amount to a breach of duty legally required by one who has accepted public office." "[M]alfeasance occurs when there is 'either the breach of a positive statutory duty or the performance by a public official of a discretionary act with an improper or corrupt motive.'" The focus is on "the underlying illegal act, as opposed to the particular crime, [that] form[s] the basis for a forfeiture . . . ." We have construed the undefined term "malfeasance" "according to its common and approved usage," that is as a wrongful or unlawful act, especially wrongdoing or misconduct by a public official.

163 A.3d at 482 (citations omitted).

In accord with the above analysis, we conclude that Dailey's theft of funds from the FJD was the commission of a wrongful and unlawful act by a public official, constituting malfeasance in office and employment in violation of Section 22-1302 of the Retirement Code. *Tepper*, 163 A.3d at 482; *Merlino*, 916 A.2d at 1235. For the same reasons, we reject Dailey's contention that Section 22-1302(1)(a)(.5) is unconstitutionally vague and that its application violates her right

6

to due process  Thus, we hold that the Board properly relied on Section 22-1302(1)(a)(.5) of the Retirement Code to disqualify Dailey from entitlement to her pension.[5]

We next address Dailey's contention that the disqualification of her pension benefits is contrary to the Public Employee Pension Forfeiture Act (PEPFA).[6]  Section 3 of the PEPFA, 43 P.S. §1313, states that no public employee shall be entitled to receive any retirement benefits other than a return of contribution if he is convicted of or pleads guilty to any crime related to public office or public employment.  Section 2 of the PEPFA, 43 P.S. §1312, defines "crimes related to

---

[5] Dailey also argues that the Board erred in determining that Section 22-1302(1)(a)(.4) of the Retirement Code, providing for disqualification for illegal taking of funds of the City or of any agency, is applicable.  Specifically, Dailey notes that Section 22-105 of the Retirement Code (emphasis added) incorporates the definition of "agency" contained in the Philadelphia Code: "Any office, department, board or commission of the city, including any officer, employee, or other authorized representative thereof, *other than* the Council or *the courts*."  Dailey argues that because this definition of "agency" excludes "the courts," Section 22-1302(1)(a)(.4) does not apply in this case.

The Board responds that a theft of FJD funds is a theft from an "agency engaged in performing a governmental function for the City or the Commonwealth" under Section 22-1302(1)(a)(.4).  The Board contends that Dailey's proposed construction of Section 1302(1)(a)(.4) to exclude courts would render the second instance of the word "agency" ("official agency of the City, or agency, engaged in performing a governmental function for the City or the Commonwealth") superfluous and unreasonable.  As to Dailey's reliance on the definition of agency that excludes "the courts," the Board observes that the Retirement Code generally incorporates definitions from the Philadelphia Code but expressly excludes them where "the context plainly requires otherwise."  Sections 1-103, 22-105 of the Philadelphia Code, Phila. Code §§1-103, 22-105.  Additionally, the Board notes that theft was included as a pension-disqualifying offense under the applicable retirement ordinance adopted in 1956 and argues that the City's legislative body did not eliminate theft as a disqualifying offense when it codified the Retirement Code in 1999.

Ultimately, having concluded that Section 22-1302(1)(a)(.5) provides adequate grounds for disqualification in this instance, we need not determine whether the FJD is an "agency" for purposes of the Retirement Code.

[6] Act of July 8, 1989, P.L. 752, *as amended*, 43 P.S. §§1311-1315.

7

public office." Dailey contends that because theft of movable property is not an offense included in Section 2, the disqualification of her pension conflicts with PEPFA and is therefore invalid. This argument was expressly rejected in *Breeden v. Borough of Crafton*, 57 A.3d 222 (Pa. Cmwlth. 2012).

The employee in *Breeden* was discharged for cause and forfeited his pension under the terms of a collective bargaining agreement (CBA), not for committing a specific crime. We affirmed the common pleas court's conclusion that the PEPFA did not preclude pension forfeiture under the CBA. In doing so, we held that "[w]hile the [PEPFA] *requires* forfeiture of pensions for the commission of specific crimes, *it does not state that there can be no other reason for a pension forfeiture.*" 57 A.3d at 226 (emphasis added). We conclude Dailey's contention that the PEPFA preempts disqualification for retirement benefits under Section 22-1302(1)(a)(.5) of the Retirement Code is likewise without merit. *Id.*

Dailey also contends that the forfeiture of her pension is unconstitutional as an excessive fine under the United States and Pennsylvania Constitutions. However, in making this argument, Dailey relies on forfeiture cases that are materially distinguishable, as they do not involve eligibility for a public pension. *See, e.g.*, *Commonwealth v. 1997 Chevrolet and Contents Seized from Young*, 160 A.3d 153 (Pa. 2017); *Commonwealth v. Eisenberg*, 98 A.3d 1268 (Pa. 2014); *Commonwealth v. Real Property and Improvements Commonly Known as 5444 Spruce Street, Philadelphia*, 832 A.2d 396 (Pa. 2003). We conclude that our decision in *Scarantino v. Public School Employees' Retirement Board,* 68 A.3d 375 (Pa. Cmwlth. 2013), is controlling.

In *Scarantino*, the petitioner pled guilty to violating 18 U.S.C. §666(a)(1)(B) by knowingly, intentionally, and corruptly accepting $5,000 in

8

connection with influencing and rewarding contracts for the school district by which he was employed. The petitioner was discharged for cause and the Public School Employees' Retirement Board (PSERB) notified him that his right to receive retirement benefits was subject to forfeiture under the PEPFA. At issue was whether the federal crime of theft or bribery concerning programs receiving federal funds under 18 U.S.C. §666(a)(1)(B) was substantially the same as the state crime of bribery in official and political matters under Section 4701 of the Crimes Code, 18 Pa. C.S. §4701, so as to cause forfeiture of the petitioner's pension. This Court held that the elements under each statute were not identical but were substantially the same.

Relevant here, we also addressed the petitioner's assertion that the forfeiture of $1.5 million in pension benefits violated Article I, Section 13 of the Pennsylvania Constitution and the Eighth Amendment to the United States Constitution.[7] The petitioner argued that the PSERB should have used the gross proportionality analysis used in punitive forfeiture cases to determine whether the forfeiture of his pension was an excessive fine. Rejecting that contention, we explained as follows:

> The Excessive Fines Clause of the Eighth Amendment is only implicated if the fine is a punishment. Forfeitures are "fines" if they constitute punishment for an offense. The

---

[7] Article I, Section 13 of the Pennsylvania Constitution states that: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel punishment inflicted." Pa. Const. art. I, §13. The Eighth Amendment to the United States Constitution provides that "excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The Eighth Amendment is made applicable to the states through the Fourteenth Amendment. *Scarantino*, 68 A.3d at 384 n.7. The Pennsylvania Supreme Court has held that Article I, Section 13 of the Pennsylvania Constitution is coextensive with the Eighth Amendment. *Commonwealth v. Real Property and Improvements Commonly Known as 5444 Spruce Street, Philadelphia*, 832 A.2d 396, 399 (Pa. 2003).

relationship between [a public employee and a public employer] is contractual in nature. Section 3(a) of the [PEPFA] provides for the mandatory disqualification and forfeiture of benefits upon "conviction[] or plea[] of guilty or no defense to any crime related to public office or public employment." Section 3(b) provides that the conviction or plea is a breach of the public employee's contract with his employer. In order to receive retirement benefits, an employee must satisfy all of the conditions precedent such as minimum retirement age and requisite years of service. *An additional condition precedent for eligibility to receive pension benefits is that an employee cannot have been convicted of one of the enumerated crimes or a substantially same federal crime. Such a conviction breaches the employee's contract and renders him ineligible to receive pension benefits.*

*Scarantino,* 68 A.3d at 384-85 (citations omitted) (emphasis added).

Dailey's remaining due process arguments, that Subsections 22-1302(1)(a)(.4) and (.5) are unconstitutionally vague and constitute a grossly excessive deprivation of property, also rest on her incorrect assertions that pension disqualification is a fine or punishment. *Scarantino*; *Horsley v. Philadelphia Board of Pensions and Retirement*, 510 A.2d 841 (Pa. Cmwlth. 1986). In *Horsley*, the Board applied the disqualification provisions of the municipal retirement system ordinance then in effect to terminate the pension benefit of a municipal employee who pleaded guilty to having conspired to violate the Hobbs Act, 18 U.S.C. §1951. On appeal, this Court rejected the employee's assertion of an unlawful forfeiture and held that the employee forfeited his pension benefits because he violated an express contractual duty of faithfulness. We noted that the Board properly applied the express disqualification provisions of the ordinance to a retired employee whose entire career had been subject to those provisions. 510 A.2d at 844. Accordingly, consistent with our holdings in *Scarantino* and *Horsley*, we conclude that the Board's determination did not result in an unconstitutional forfeiture of Dailey's

10

retirement benefits. Rather, Dailey's malfeasance in office or employment rendered her ineligible to receive those retirement benefits under Section 22-1302(1)(a)(.5) of the Retirement Code. *Tepper*; *Breeden*; *Merlino*.

For all of the foregoing reasons, we affirm the trial court's order.


_____
MICHAEL H. WOJCIK, Judge

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Deborah Dailey,                          :
                                         :
                    Appellant            :
                                         :
          v.                             :   No. 2116 C.D. 2016
                                         :
City of Philadelphia Board of            :
Pensions and Retirement                  :

# O R D E R

AND NOW, this 9th day of November, 2018, the order of the Court of Common Pleas of Philadelphia County, dated December 20, 2016, is AFFIRMED.


_____
MICHAEL H. WOJCIK, Judge