IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Craig Eugene Redding,                    :
                    Petitioner            :
                                          :
            v.                            :
                                          :
Pennsylvania State Police,               :    No. 258 C.D. 2018
                    Respondent            :    Submitted: December 11, 2018


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                   FILED: January 11, 2019


            Craig Eugene Redding (Petitioner) petitions for review of the February
23, 2018 order of an administrative law judge (ALJ) of the Office of the Attorney
General that denied Petitioner's challenge to the grading of his 1976 receiving stolen
property conviction. Upon review, we affirm.

            On April 30, 1976, Petitioner pled guilty to one count of theft by
receiving stolen property[1] graded as a misdemeanor of the first degree (RSP
conviction).[2] Reproduced Record (R.R.) at 46a. A certified copy of the indictment

_____

[1] 18 Pa. C.S. § 3925.

[2] 18 Pa. C.S. § 3903 mandates the grading of theft offenses. The statutory language in
effect at the time of Petitioner's crime and prosecution provided as follows:

            **§ 3903. Grading of theft offenses.**

and plea signed by Petitioner on April 30, 1976 (indictment/plea) included a handwritten portion underneath where "I PLEAD" was written that indicated Petitioner pled "[g]uilty to be treated for purposes of sentencing as a misdemeanor of [the] third degree[.]" Notes of Testimony, Jan. 8, 2018 (N.T.), Exhibit D. At sentencing on June 28, 1976, the Court of Common Pleas of Adams County suspended Petitioner's sentence for the RSP conviction and instead placed him on two years' probation. R.R. at 48a-49a.

---

(a) Felony of the third degree.–Theft constitutes a felony of the third degree if the amount involved exceeds $2,000, or if the property stolen is a firearm, automobile, airplane, motorcycle, motorboat or other motor-propelled vehicle, or in the case of theft by receiving stolen property, if the receiver is in the business of buying or selling stolen property.

(b) Other grades.–Theft not within subsection (a) of this section constitutes a misdemeanor of the first degree, except that if the property was not taken from the person or by threat, or in breach of a fiduciary obligation, and the actor proves by a preponderance of the evidence that:

(1) the amount involved was $50 or more but less than $200 the offense constitutes a misdemeanor of the second degree; or

(2) the amount involved was less than $50 the offense constitutes a misdemeanor of the third degree.

(c) Valuation.–The amount involved in a theft shall be deemed to be the highest value, by any reasonable standard, of the property or services which the actor stole or attempted to steal. Amounts involved in thefts committed pursuant to one scheme or course of conduct, whether from the same person or several persons, may be aggregated in determining the grade of the offense.

18 Pa. C.S. § 3903, effective June 6, 1973.

Forty years later, on June 22, 2016, Petitioner, through counsel, filed a Request for Individual Access and Review with the Pennsylvania State Police (PSP) pursuant to Section 9151 of the Criminal History Record Information Act (CHRIA), 18 Pa. C.S. §§ 9101-9183.[3]  R.R. at 38a-40a.  In response, on April 28, 2017, PSP provided Petitioner with a copy of his Record of Arrest and Prosecution (RAP) sheet, which reflected that Petitioner's RSP conviction was graded as a misdemeanor of the first degree.  R.R. at 41a-43a.

On May 24, 2017, Petitioner filed a timely challenge to the information contained in his RAP sheet.  R.R. at 44a.  Specifically, Petitioner's challenge alleged:

> 10/13/1975 offense date for [r]eceiving stolen property docketed at CR-20-70 is not accurate.  According to my research, the Adams County Clerk of Courts does not have information on record for this record.

R.R. at 44a.  PSP reviewed Petitioner's challenge and, on June 8, 2017, found it to be invalid.  R.R. at 53a.[4]

---

[3] Under CHRIA, PSP serves as the central repository for the collection, compilation, maintenance and dissemination of criminal history record information in Pennsylvania.  18 Pa. C.S. § 9102(a).  CHRIA Section 9151 provides individuals with the right to review, challenge, correct, and appeal the accuracy and completeness of their criminal history record information.  18 Pa. C.S. § 9151(a).

[4] PSP's challenge response explained:

> Per fingerprint arrest card submitted by the Gettysburg police department for arrest dated November 7, 1975, the offense date is listed as October 13, 1975 and is reflected as such on your criminal history.

R.R. at 53a.

3

Petitioner appealed,[5] alleging that the RAP sheet court data indicating the grading of his RSP conviction as a misdemeanor of the first degree was incorrect, and that the conviction should be properly graded as a misdemeanor of the third degree. R.R. at 6a-12a. The ALJ conducted a hearing on the matter on January 8, 2018, and on February 23, 2018, issued her Findings and Reasons for Denying Request for Relief (ALJ Opinion) and an order denying Petitioner's challenge. Petitioner timely appealed to this Court.[6]

Petitioner now contends that PSP failed to adduce substantial evidence to prove the accuracy of the grading of his RSP conviction as a misdemeanor of the first degree. *See* Petitioner's Brief at 9-17. Petitioner argues that his testimony, the testimony of PSP's witness, and the certified copy of his signed indictment entered into evidence at the hearing before the ALJ illustrate that Petitioner actually pled guilty to receiving stolen property graded as a third degree misdemeanor, not a first degree misdemeanor. *Id.* We disagree.

---

[5] Petitioner filed his original Appeal from the Determination of the Pennsylvania State Police (original appeal) on July 10, 2017. *See* R.R. at 1a-5a. In his original appeal, Petitioner challenged the RAP sheet information because the Adams County Clerk of Courts had no records regarding the RSP conviction information that appeared on Petitioner's RAP sheet. *See* R.R. at 2a. However, upon the discovery that the RSP conviction had been erroneously listed on Petitioner's RAP sheet under the wrong docket number (CR-20-70 instead of the correct docket number of CC-20-76), the Clerk of Courts located the records pertaining to Petitioner's RSP conviction. Thereafter, on July 21, 2017, Petitioner filed his Amended Appeal from the Determination of the Pennsylvania State Police (amended appeal), which alleged his RSP conviction should be graded as a misdemeanor of the third degree. R.R. at 6a-12a. This Court now addresses Petitioner's amended appeal.

[6] "The Court's review of an order of an ALJ of the Office of Attorney General relating to CHRIA is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether necessary findings of fact are supported by substantial evidence." *Dunbar v. Pa. State Police*, 902 A.2d 1002, 1004 n.2 (Pa. Cmwlth. 2006). "Substantial evidence is such relevant evidence a reasonable person might find sufficient to support the [factfinder's] findings." *Frog, Switch & Mfg. Co. v. Workers' Comp. Appeal Bd. (Johnson)*, 106 A.3d 202, 206 (Pa. Cmwlth. 2014).

4

CHRIA Section 9151 grants individuals the right to review, challenge, correct and appeal the accuracy and completeness of their criminal history record information. 18 Pa. C.S. § 9151(a). To challenge the accuracy of criminal record information, a petitioner must specify which portion of the record is incorrect and what the correct version should be. 18 Pa. C.S. § 9152(c). The criminal justice agency that maintains the record in question then conducts a review of the challenge and has the burden of proving the accuracy of the record. 18 Pa. C.S. § 9152(d). If the agency determines a challenge to be invalid, the individual may then appeal to the Office of the Attorney General, which must conduct a *de novo* hearing on the matter. 18 Pa. C.S. § 9152(e). At such a hearing, the agency maintains the burden of proving the accuracy of the information. *Id.*

In the instant matter, PSP submitted the following exhibits relative to Petitioner's RSP conviction, without objection: Petitioner's June 22, 2016 Request for Individual Access and Review (Exhibit A); the Criminal Record Check and RAP sheet produced by PSP (Exhibit B); the Review of Criminal Records Information form containing Petitioner's challenge to the RAP sheet information and PSP's determination that the determination was invalid (Exhibit C); certified copies of the criminal complaint, indictment/plea, and sentence regarding the RSP conviction (Exhibit D); Petitioner's fingerprint card from his November 7, 1975 arrest preceding the RSP conviction (Exhibit E); PSP's June 8, 2017 Criminal History Challenge Response (Exhibit F); and a copy of the versions of 18 Pa. C.S. §§ 3903 & 3925 in effect on the date of the underlying crime (Exhibit G). PSP also provided the testimony of Jeremy Maldonado (Maldonado), a legal assistant with PSP, who requested, received and reviewed records relating to Petitioner's RSP conviction. *See* N.T. at 8-18. Maldonado testified that his examination of the relevant criminal

5

records revealed that Petitioner pled guilty to theft by receiving stolen property worth $350.00, a misdemeanor of the first degree. N.T. at 9-11. Maldonado also specifically testified that he believed the handwritten portion of the indictment/plea that read "[g]uilty to be treated for purposes of sentencing as a misdemeanor of third degree" indicated that Petitioner pled guilty to a first degree misdemeanor that would then be treated as a misdemeanor of the third degree at sentencing. N.T. at 10-11. On cross-examination, Maldonado conceded that often individuals are charged with one crime and ultimately plead guilty to another. N.T. at 15.

Petitioner also testified at the hearing before the ALJ. *See* N.T. at 18-22. Petitioner testified that he entered into an agreement with the prosecution in his theft case whereby he would testify against the actual perpetrator of the theft and, in exchange, his own theft charges would be treated as a misdemeanor of the third degree for all purposes. N.T. at 19-20.

Based on the above evidence, the ALJ concluded as follows:

> PSP has sustained its burden where it has demonstrated that, where the value of the theft exceeded $200.00, the grading of receiving stolen property at the relevant time was a first degree misdemeanor. The record reflects that Petitioner pled guilty to the offense as charged with his sentence to be treated as a third degree misdemeanor.

ALJ Opinion at 3 (pagination supplied).

Substantial evidence of record exists to support the ALJ's order. Petitioner's RAP sheet and the underlying court documents establish that Petitioner was charged with and pled guilty to receiving stolen property in excess of $200.00. The grading of this crime as a misdemeanor of the first degree comported with the then-existing statute and the facts of the case. Petitioner's testimony and interpretation of the criminal records notwithstanding, the two-year probationary

6

sentence Petitioner received as a result of the RSP conviction comported with the handwritten portion of the indictment that indicated Petitioner was to receive a sentence consistent with a misdemeanor of the third degree, despite having pled guilty to a misdemeanor of the first degree. Further, the handwritten portion of the indictment/plea supports that Petitioner entered a guilty plea to a misdemeanor of the first degree, but was expecting to be sentenced in conformity with misdemeanor of the third degree norms.

We acknowledge that Maldonado agreed on cross-examination with Petitioner's counsel's suggestion that the handwritten portion of the indictment/plea that indicated Petitioner was pleading guilty so that the crime would be treated as a misdemeanor of the third degree "would have essentially the same meaning or the same idea [that Petitioner was pleading] guilty to be treated for purposes of grading as a misdemeanor of the third degree[.]" *See* Petitioner's Brief at 11-12.[7] We further acknowledge, however, that the plain language of the handwritten notation on the

_____

[7] Petitioner's counsel asked Maldonado the following, somewhat confusing, questions on cross-examination:

> Q. Would you agree with me that where it says guilty to be treated for purposes of sentencing as a misdemeanor of the third degree, it would be just as fair to say that that means guilty to be treated for purposes of grading as a misdemeanor of the third degree?
>
> A. I'm sorry. Could you repeat that again?
>
> Q. Would you agree with me that it would be fair to say where it says guilty to be treated for purposes of sentencing as a misdemeanor of third degree, it would have essentially the same meaning or the same idea, guilty to be treated for purposes of grading as a misdemeanor of third degree?
>
> A. Yes.

N.T. 1/8/2018 at 15-16.

indictment/plea that states that Petitioner was entering a plea of guilty "to be treated for purposes of sentencing as a misdemeanor of [the] third degree" indicates only that Petitioner pled guilty to a first degree misdemeanor but would then be *sentenced* as though the crime for which he was convicted was a third degree misdemeanor. The plain language makes no mention of the grading of the offense. The ALJ did not agree with Petitioner's claim that the response of PSP's legal assistant to counsel's hypothetical cross-examination questioning regarding the handwritten portion of the 40-year-old indictment/plea proved that Petitioner in fact pled guilty to a third degree misdemeanor as opposed to a first degree misdemeanor. We do not find this determination to be in error. Instead, we note that, had Petitioner actually pled guilty to a third degree misdemeanor as he alleges, the handwritten portion of the indictment/plea that indicates that he was to be sentenced as though he had pled guilty to a third degree misdemeanor would have served no purpose and been logically unnecessary. Accordingly, the handwritten notation on the indictment/plea indicating that the expected sentence would be imposed *as though Petitioner pled guilty to a third degree misdemeanor* confirms that Petitioner was, in fact, pleading guilty to something *other* than a third degree misdemeanor. We decline Petitioner's invitation to use Maldonado's testimony to inject ambiguity into the meaning of the signed indictment/plea where none is apparent from the plain language employed and where the ALJ found none.

Petitioner also argues that the ALJ incorrectly employed a preponderance of the evidence standard to PSP's burden of proof in determining his appeal and that the ALJ should instead have employed a clear and convincing evidence standard. *See* Petitioner's Brief at 17-20. He is incorrect.

8

Regarding criminal history appeals, CHRIA Section 9152 explicitly provides:

> The Attorney General shall conduct a hearing de novo in accordance with the Administrative Agency Law. The burden of proof shall be upon the party bearing the burden of proof on the challenge.

18 Pa. C.S. § 9152(e)(2). As with most civil proceedings, litigants appearing before administrative tribunals bear the burden of proving their case by a preponderance of the evidence. *Tepper v. City of Phila. Bd. of Pensions & Ret.*, 163 A.3d 475, 484 n.12 (Pa. Cmwlth. 2017). Therefore, criminal history appeals, as administrative actions, require PSP to establish its case by a preponderance of the evidence. The ALJ properly applied the preponderance of the evidence burden of proof to the instant matter.[8]

For these reasons, the February 23, 2018 order of the ALJ is affirmed.

_____
CHRISTINE FIZZANO CANNON, Judge

Judge McCullough concurs in the result only.

---

[8] To the extent Petitioner bases his burden of proof argument on his ability to possess firearms, we note that he raises this argument for the first time in his appellate brief. As such, Petitioner has waived this argument. *See* Pa.R.A.P. 1551.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Craig Eugene Redding, : 
            Petitioner : 
             : 
      v. : 
             : 
Pennsylvania State Police, :   No. 258 C.D. 2018
            Respondent :

## O R D E R

AND NOW, this 11th day of January, 2019, the February 23, 2018 order of the administrative law judge of the Office of the Attorney General is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge